The defendant company makes two objections to the recovery in this case. Upon proof that the notice required by the General Railroad Act was posted in the car, and that plaintiff was riding upon the platform and was upon the step when injured, in disregard of that notice, his contributory negligence was asserted. In Nolan v. Brooklyn City Newtown R.R. Co. (87 N.Y. 63) we did not decide that the provision of the General Railroad Act referred to applied to street railroads. It was enough in that case, that if it did, the notice proved was insufficient, and that was the only answer deemed necessary to the argument founded upon the statute. Nor need we decide that question now, since we think the second objection taken by the appellant, that there was no evidence of negligence on the part of the defendant company, is well founded.
On New Year's day of 1881 the plaintiff, after having partaken liberally of intoxicating drinks, but claiming, nevertheless, to have been entirely sober, went upon a street car of defendant at Forty-second street in the city of New York, for the purpose of riding down town. He took his position upon the front platform when there was room and were vacant seats inside of the car; while thus riding on the platform his fare was collected by the conductor without remonstrance or objection.
The car stopped at Twenty-third street to permit four persons to come upon it as passengers, one of whom was a lady, and all of whom entered by way of the front platform. The plaintiff stepped down upon the front step, as he says, "to give these passengers better facility for getting in," and then, he adds: "I was in the act of stepping up again after they got on the front platform, when the car gave a sudden movement and pulled up, and I got thrown out sideways." This is the sole and only evidence upon which any negligence of the company can be founded. What the plaintiff said about an elevation of the rail along the curve he admitted might have been the *Page 262 
riser or flange upon which the wheels do not run, and that such was the case was proved beyond any possibility of doubt. It is not shown that the driver of the car started his horses in any unusual or negligent manner. The plaintiff does not so testify, and standing where he did upon the front platform it was possible for him to see and observe. That the car "gave a sudden movement" is entirely consistent with the supposition that, having been still, the horses were started in a careful and prudent manner; for a car loaded with passengers must necessarily require a strong pull of the horses to overcome its resisting inertia, and such must be a thing of constant occurrence and unavoidable. The strong effort of starting relaxes as momentum is gained and the car moves easily, and this is what the plaintiff evidently means by the phrase "and pulled up," unless he refers to its stoppage after he fell off, for it is entirely certain that, after starting, the car did not stop until the accident had occurred, and stopped on account of that. The plaintiff, therefore, gave no evidence which even tended to show that there was any negligence on the part of the company. He must prove something which warrants that inference and not leave his case upon facts just as consistent with care and prudence as with the opposite. (Baulec
v. N.Y. Harlem R.R. Co., 59 N.Y. 357.)
The judgment should be reversed and a new trial granted, costs to abide the event.
All concur, except DANFORTH, J., dissenting, and RAPALLO, J., absent.
Judgment reversed.