McAdam, C. J.
—The authorities agree that sleeping car companies are not to be regarded either as innkeepers or common carriers, and hence not subject to the onerous liabilities of either in respect to the property of those enjoying their accommodations. They also agree that such companies are not insurers of the safety of the passengers' effects not committed to their personal charge, and that the gist of their liability is negligence. The duty of such companies is to exercise reasonable and ordinaiy care for the security of the property of their passengers, to be measured with reference to the danger reasonably to be apprehended. That such danger is greater at night while the passenger is asleep than in the daytime when he is awake and able to care for himself is evident. Such companies are not bound to provide a force sufficient to police the car. It is a well known fact that one conductor and one porter constitute the usual force ” (Pullman Palace Car Co. v. Gaylord, 26 Am. L.R., N. S., 512), and this force was employed by the defendant in the present instance. Wherein, then, was the defendant guilty of negligence? There is no proof that the porter was not awake the entire night, that he absented himself, or that he did not exercise a proper supervision over the car, and the presumption is that he did his duty, and the burden is on the plaintiff to prove the contrary. 1 Domat, 820, art. 7, § 2070; 1 Phillips’ Ev., Cowen, H. & E., notes, 604.
Negligence, consisting, as it must, of a wrongful act or omission, where it is an essential element in a cause of action, can never, in 'the absence of proof, be presumed. The presumption is that all men do their duty, and it requires affirmative proof to rebut that presumption. The mere fact of an injury having been suffered is not enough *714 to establish negligence. Welding v. Wagner, 1 City Ct. R., 66.
No submission of an action for negligence to a jury is authorized where a plaintiff’s evidence is equally as consistent with the absence of as with the existence of negligence, as in such case the evidence fails to establish the charge, Baulec v. N. Y. and H. R. R. Co., 59 N. Y., 356.
In Lewis v. N.Y. Sleeping Car Co. 143 Mass., 273) the evidence of negligence was, that the porter was found asleep in the early morning, that he was required to be on duty for thirty-six hours continuously, which included two nights, and these circumstances were held sufficient to send the casé to the jury.
In Woodruff v. Diehl (84 Ind., 481) the fact that the porter was chiefly engaged in the forward rotunda, a circular apartment at the end of the aisle, in blacking the boots of the passengers, and absent from the coach for a short time, was held sufficient to send the case to the jury.
In Pullman Palace Car Co. v. Gardner (16 Am. and Eng. R. R. Cases, 324) the' jury were instructed that if the porter left his proper post of observation where he could view the whole aisle, and that during such absence the robbery occurred, and they believed that if the porter had been in his place of observation, it would not and could not have occurred without detection, such absence was negligence sufficient to render the company liable.
In all these cases there was some affirmative proof of negligence, which, although slight, was deemed sufficient to send to the jury for determination, the question whether the circumstances stated, taken in connection with the nature of the theft, did not prove neglect of duty on the part of the company that may have occasioned the loss.
In Bevis v. Baltimore and Ohio R. R, Co. (1 Railway and Corp. L. J., 104) Judge Thayer said:
“In my judgment, proof of a loss, and of the circumstances attending the same, may be of such a character as to warrant the jury in inferring that defendant’s servants were guilty of some neglect, although no direct proof by an eye witness is offered to the effect that the porter left the car unguarded, or fell asleep at some time during the night.”
The circumstances in such a case must point directly to negligence on the part of the defendant, and to the exclusion of any other hypothesis, or they do not prove neglect. In other words, the plaintiff must prove facts, warranting an inference of negligence on the part of the defendant. He cannot recover upon facts as consistent with care and prudence as with the opposite. Hayes v. Forty-second Street R. R. Co. 97 N. Y., 259. The jury will not, in the *715 absence of proof, be allowed to guess at the disputed question whether the defendant has been negligent or not. There must be proof of negligence or of facts and circumstances pointing so clearly to negligence as to supply the place of more direct evidence. The weakness of the plaint-tiff’s case is the absence of direct proof of negligence_ on the part of the defendant, or facts and circumstances pointing to negligence on its part, with sufficient clearness to warrant a finding of the fact without indulging in mere guess work or conjecture. The plaintiff’s boots were blacked by some one during the night, and he paid the porter for this service in the morning, which circumstance may justify the inference that they were blacked by the porter, but where the service was performed does not appear, and it cannot be assumed that the porter selected a place where his paramount duty of watching the car was neglected. The car stopped at Stamford, Norwalk, Bridgeport, New Haven, Meriden, Hartford, Springfield and Worcester, before reaching Boston, and the occupant of the upper berth got out at one of the intermediate stations, because he was not in the car when it reached Boston. My suspicion is that the intermediate passenger (so-called) was the thief. The stoppages of the train were not unexpected, but according to the company’s known regulations. The intermediate passenger had the right to descend from his berth and arrange Ms clothing behind the curtain, which obscured the occupants of berth ten from vision, and what amount of care on the part of the porter could have prevented the intermediate passenger from doing what was done, is difficult to imagine. The plaintiff also proved that the defendant failed to provide a place on the car for the safe keeping of valuables, but as there is no law requiring it to make such a provision, its failure to do so does not prove any breach of duty or negligence on its part. The plaintiff, on the trial, also undertook to prove conversations had with the porter after the loss occurred, but these were ruled out as an attempt to prove a narration by the porter of a past occurrence, not part of the res gestes. The occurrence had ended when the conversation was had and the porter was not in the act of doing anything that could possibly affect the defendant. If the conversation had taken place the day after the loss was discovered, no one could have seriously claimed that it would have been admissible as evidence against the defendant, and the fact that it was had somewhat earlier does not, upon principle, make the case an exception to the general rule. Vicksburgh R. R. Co. v. O'Brien, 22 Reporter, 771; Luby v. Hudson R. R. R. Co., 17 N. Y., 131; Whitaker v. Eighth Avenue R. R. Co., 51 id., 295; Anderson v. R. W. and O. R. R. Co., 56 id., 334; *716 Furst v. Second Avenue R. R. Co., 72 id., 542; Pfeffele v. Same, 19 Week. Dig., 44. Upon the entire case, and chiefly because of the absence of affirmative proof of negligence, there must be judgment for the defendant.