The personal injury to the plaintiff resulted from his attempt to get on the defendant's car. And the questions presented are whether the conclusion was warranted from the evidence that the injury was occasioned by the negligence of the defendant, and that it was not attributable to any negligence on the part of the plaintiff. It appears that he signalled his purpose to take the car, the brake was applied, *Page 169 
and the motion of the car was slackened although not entirely stopped; that the plaintiff then proceeded to get aboard and for that purpose he with both hands caught hold of the rail at the rear platform, and as he put one foot or both feet on to the step the brake was relaxed and the car started with a sudden jerk, by which his foot or feet were thrown from the step and he, with his hands holding onto the rail, was dragged about one hundred and twenty-five feet. The questions arise upon exception to the denial of the defendant's motion for dismissal of the complaint on the grounds that the plaintiff was not free from contributory negligence, and that the plaintiff's injury was not caused by negligence of the defendant. The fact that the car was in motion when the plaintiff proceeded to step on it was one for consideration on the question whether he voluntarily assumed the hazard of safety in getting on board of it at the time he attempted to do so. The conclusion was warranted that the speed of the car was then reduced to that given by bringing the horses to a walking gait. The slowness of the motion was aided by the application of the brake. The plaintiff carried nothing to impede his movement in getting on the car. He guarded his attempt by taking hold of the rail to which he held until the car was stopped after dragging him the distance mentioned; and when he so grasped the rail he planted one or both of his feet on the step of the platform. Assuming as here we must, that such were the facts, he was not necessarily chargeable with contributory negligence; and that question was properly submitted to the jury. (Eppendorf v. B.C. N.R.R. Co., 69 N.Y. 195.) The negligence of the defendant was not in the fact that the car failed to come to a full stop. If the motion of it had not slackened sufficiently to enable the plaintiff to safely do so the attempt to board the car was his fault. But as the evidence permitted the finding that it had eased up sufficiently for the purpose, the conclusion might properly follow that the fault was with the defendant in defeating the opportunity of the plaintiff to safely get aboard by suddenly jerking the car into more rapid motion while he had only partially accomplished it. By the application of the *Page 170 
brake and bringing the car to a slow movement upon the plaintiff's signal, he was induced to proceed as he did to get into it, and he was entitled to a fair opportunity to get firmly on the platform of the car. This was denied him by too soon relaxing the brake and suddenly with a jerk pulling the car into a more rapid motion, resulting in the consequences which followed. The question whether the defendant was chargeable with negligence was one of fact properly submitted to the jury. (Eppendorf v. B.C. N.R.R. Co., supra; Black v. BrooklynCity R.R. Co., 108 N.Y. 640; Nichols v. Sixth Av. R.R. Co.,
38 id. 131; Keating v. N.Y.C. H.R.R.R. Co., 49 id. 673).
The fact that the plaintiff with accelerating speed was dragged as, and the distance, he was, until the car was stopped to relieve him, was a circumstance tending to prove that the attention due to persons who are properly proceeding to get on a street car may not have been given to the plaintiff in this instance. There is, however, some evidence tending to prove, or which permitted the inference that the embarrassing position of the plaintiff was prolonged by the failure of the conductor to make the driver understand the signal he intended to give him to stop the car.
In view of the facts in Hayes v. Forty-second Street, etc.R.R. Co. (97 N.Y. 259), and those which the jury were permitted to find in the present case, that case has not necessarily any essential application to this one. Nor does it in legal effect qualify the doctrine of the Eppendorf case, to which it makes no reference. No other question requires consideration.
The judgment should be affirmed.
All concur.
Judgment affirmed. *Page 171