[S. F. No. 170. , Department Two.—August 14, 1896.]     . 28:38 LRA 7

## CHARLES FINKELDEY, APPELLANT, *v.* OMNIBUS CABLE COMPANY, RESPONDENT.

NEGLIGENCE—FAILURE TO STOP STREET-CAR—ABSENCE OF GUARDS—CONTRIBUTORY NEGLIGENCE—NONSUIT — QUESTIONS FOR JURY.— In an action to recover damages for injury to the plaintiff's foot, which was caught beneath the wheel of a street-car while he was attempting to board the car, owing to the alleged negligence of the plaintiff in failing to stop the car at his signal, and in failing to provide the wheels with guards, where the evidence for the plaintiff showed that the car merely slackened its speed at plaintiff's signal, and that plaintiff, in attempting to board the front platform, which the rule required him to occupy while smoking a cigar, missed his footing so that his foot went under an unguarded wheel, it is erroneous to grant a motion to nonsuit the plaintiff, either for the absence of evidence tending to show negligence of the street-car company, or for contributory negligence of the plaintiff, but the questions of negligence of the defendant, and of contributory negligence of the plaintiff, under the circumstances of the case, should be left to the jury to determine.

ID.—BOARDING STREET-CAR IN MOTION.—The act of attempting to board a street-car in motion is not of itself negligence, as matter of law, but whether such act is negligent must depend upon the particular circumstances under which it is done; nor is it negligence, as matter of law, not to bring the car to a full stop before a passenger attempts to board it, and the driver is free from negligence if the passenger attempts to board the car without indicating that it should stop.

ID.—ABSENCE OF REQUIRED GUARDS UPON WHEELS—PROVINCE OF JURY.— Whether the absence of guards upon the wheels of the street-car, as required by a city ordinance, was negligent, as well as whether the absence of guards was the cause of the injury to the plaintiff, are not to be determined by the court as matter of law, but by the jury upon a consideration of all the facts connected with the injury, and the inferences that might be drawn therefrom.

ID.—ASSUMPTION OF RISK BY PLAINTIFF — KNOWLEDGE OF ABSENCE OF GUARDS.—Although the plaintiff would assume the risk of boarding the car in motion, if he was fully aware that there were no guards upon the wheels, yet it is for the jury to determine the extent of his knowledge upon that point, and whether in view thereof he was guilty of negligence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*A. Morgenthal,* for Appellant.

It is not contributory negligence, as a matter of law,

to attempt to get onto a moving train. The circum-. stances may be such as to render it entirely safe and prudent, and whether or not there was contributory negligence in the attempt is generally a question for the jury upon a review of all the facts. (Beach on Contributory Negligence, 2d ed., sec. 146, and cases cited; *Carr* v. *Eel River etc. R. R. Co.*, 98 Cal. 366; *Raub* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 473; *Corlin* v. *West End Ry.*, 154 Mass. 198; Ray on Negligence, 40; Booth on Street Railway Law, secs. 336, 343; *Schacherl* v. *St. Paul City Ry. Co.*, 42 Minn. 42, and cases cited; *Conner* v. *Citizens' etc. Ry. Co.*, 105 Ind. 67; 55 Am. Rep. 177; 23 Am. & Eng. Ency. of Law, 1011; *Briggs* v. *Union Street Ry. Co.*, 148 Mass. 72; 12 Am. St. Rep. 518; *Morrison* v. *Broadway etc. R. R. Co.*, 130 N. Y. 166; *Stager* v. *Ridge Avenue etc. Ry. Co.*, 119 Pa. St. 73; *Johnson* v. *Westchester etc. R. R. Co.*, 70 Pa. St. 357; *McDonough* v. *Metropolitan R. R. Co.*, 137 Mass. 212.) There is no evidence that appellant's act of boarding the car was negligently performed, but if there had been, it would be a question for the jury to say whether the negligence of not stopping the car, or the negligent manner of boarding the car, or the want of guards on the car, was the proximate cause of the injury. (*Smith* v. *Occidental etc. S. S. Co.*, 49 Cal. 467.)

*Lloyd & Wood*, for Respondent.

The facts being all admitted, whether or not they make a case of negligence is a question of law. (*Davis* v. *California Street R. R. Co.*, 105 Cal. 136.)

HARRISON, J.—The plaintiff was injured in attempting to board a car of the defendant at the corner of San Bruno road and Army street, in San Francisco, and brought this action to recover damages therefor, alleging that the injury was caused through the negligence of the defendant "in failing to bring said car to a full and sufficient stop at the time plaintiff was boarding

said car for the purpose aforesaid, and in failing to provide said car with guards as required by law." The circumstances connected with the injury are detailed in his testimony as follows: "When the car came along, and was about thirty feet away from me, I held up my hand for the driver to stop. He came along at a trot. I was facing east. The car was coming from the north, going south. I was smoking a cigar at the time. It is the rule to ride on the front platform when you are smoking. The driver did not stop; he slackened up somewhat for me to step on. I went up to the car, trying to get on the front platform. I took hold of the rails, one hand on each, and tried to step on the platform. I missed my footing, but kept hold with both hands on the railing. My left foot got under the wheel. I kept holding onto the rails till the car stopped, when I stepped on the platform. I rode as far as the next switch, where we met the car coming back, and I stepped off this car onto the car coming back, and went home. When I stepped off the first car I wondered how my foot got under the wheel, and I noticed that the car had no guards around the wheels." At the close of the plaintiff's case the defendant moved for a nonsuit upon the ground: "1. That no evidence had been introduced showing or tending to show that the defendant was negligent in any way; 2. That the evidence introduced conclusively showed that the plaintiff was negligent himself by attempting to get upon a moving car." The motion was granted, and from the judgment thereon and an order denying a new trial the plaintiff has appealed.

It cannot be said as a proposition of law that the act of attempting to board a street-car while it is in motion is of itself negligence. Whether such act is negligent must depend upon the particular circumstances under which it is done. It is a matter of common observation that persons do every day get on and off from street-cars while they are in motion, under circumstances that would not, in the estimation of any reasonable man,

be considered negligent.    The question depends greatly
upon the situation of the street at which the act is
attempted, as well as upon the speed with which the
car is moving.    While it might be negligent to attempt
to get upon a car moving rapidly down a street of heavy
grade, it would not be so regarded if the car was moving
slowly up the grade.    (Beach on Contributory Negli-
gence, sec. 146; Booth on Street Railway Law, sec. 336;
*Eppendorf* v. *Brooklyn etc. R. R. Co.,* 69 N. Y. 195; *Mor-
rison* v. *Broadway etc. R. R. Co.,* 130 N. Y. 166; *McDon-
ough* v. *Metropolitan R. R. Co.,* 137 Mass. 210; *Briggs* v.
*Union Street Ry. Co.,* 148 Mass. 72; 12 Am. St. Rep. 518;
*Schepers* v. *Union Depot Ry. Co.,* 126 Mo. 665; *Carr* v.
*Eel River etc. R. R. Co.,* 98 Cal. 366; *Hagbarth* v. *St. Paul
City Ry. Co.,* 48 Minn. 232; *North Chicago etc. R. R. Co.*
v. *Williams,* 140 Ill. 275.)    There may be cases in which
other facts or circumstances render the act of a person
negligent, as, for instance, if he is lame or infirm, or is
burdened with packages, or impeded by others so as to
be deprived of the use of his limbs, and the court might
be justified in determining his negligence upon his own
statement of these circumstances; but, if the person is
in the possession of physical vigor and free from any
hindrance, the question of negligence is one of fact to
be determined by a jury.    In the present case, however,
there were no exceptional circumstances which would
authorize the court to say as a matter of law that the
plaintiff was negligent.    He had signaled the driver that
he wished to board the car, and in response thereto the
driver had slackened the speed of his horses.    The speed
at which the car was moving when he attempted to get
on is not shown, but the slackening of the speed in
response to his signal was an invitation from the driver
for him to board the car.    (*Ganiard* v. *Rochester City etc.
R. R. Co.,* 50 Hun, 22.)    The attempt to get upon the front
platform was a circumstance to be considered in deter-
mining whether he was negligent, but it was not con-
clusive of the fact.    He was at the time smoking a
cigar, and it was shown that it was a rule of the defend-

ant that a person smoking should ride upon the front platform. This might be regarded as a reason why the plaintiff attempted to get upon that platform, and was also a circumstance to be considered in determining the question of negligence.

Neither could the court say as matter of law whether the defendant was guilty of negligence by reason of not bringing the car to a full stop before the plaintiff attempted to board it. The same considerations by which the attempt of the plaintiff to get upon the car while it was in motion is held not to be in itself negligent show that the failure of the defendant to stop the car was not in itself an act of negligence. This is clearly indicated by the daily custom of drivers upon street-cars to merely slacken the speed of their cars in order to take on passengers, without any injury resulting therefrom. Especially would the driver be freed from the charge of negligence in not stopping the car if the passenger, without indicating any desire that the car should stop, should attempt to board it while it is in motion. (*Moylan* v. *Second Avenue R. R. Co.*, 128 N. Y. 583.) There was no evidence that the defendant was negligent in the running of its car after the plaintiff made this attempt, or that the injury to the plaintiff was caused by any change in the speed of the car. On the contrary, it was shown that before the plaintiff got upon the platform the car came to a full stop.

It is alleged in the complaint that there was an ordinance of the city requiring railroad companies operating street-cars to have guards upon their cars by which persons may be protected from getting under the wheels of the car, and it was shown at the trial that the car in question had no protecting guards, as required by the ordinance. Whether the defendant was negligent in not having guards upon the car, as well as whether the absence of guards was the cause of injury to the plaintiff, was to be determined upon a consideration of all the facts connected with the injury, and the inferences that might be drawn therefrom. The court could not deter-

mine either of these propositions as a matter of law, and should not have withdrawn their consideration from the jury. If the neglect of the defendant to provide its. car with guards was the direct cause of the injury to the plaintiff, without which he would not have been injured,. the plaintiff's failure to step upon the platform did not. of itself relieve the defendant from liability. While he might not have been injured if he had once firmly stepped upon the platform, yet the court should have left to the jury to determine whether his failure to do so contributed to his injury. The jury might have found that, although he had failed to step upon the platform, he would not have received the injury if there had been guards in front of the wheels. The relative positions of the step and the wheel was an element to be considered by the jury in determining this issue. If the step was directly in front of the wheel, so that a failure to reach it would bring the plaintiff's foot directly under the wheel, the necessity for guards would be greater than if the wheel was remote from the step. If the jury should find that the plaintiff was not guilty of contributory negligence in attempting to board the car while it was in motion, and that the injury would not have resulted had the car been provided with suitable guards, and should also find that the defendant was negligent in failing to provide such guards, it would follow that his failure to get upon the step was disconnected with the cause of the injury. While it may be conceded that, if the plaintiff at the time of attempting to board the car was fully aware that there were no guards to the wheels, he assumed the risk from any injury resulting therefrom, it was nevertheless for the jury to determine the extent of his knowledge upon this point, and whether in view thereof he was guilty of negligence. (*Smith* v. *Occidental etc. Co.*, 99 Cal. 462.) Whether negligence existed in either party, or whether any negligence of the plaintiff contributed to his injury, as well as whether the injury he received was owing to any negligence of the defendant, irrespective of his own

CXIV. Cal. — 3

negligence, were questions that should have been sub-
mitted to the jury.

The judgment and order are reversed.

VAN FLEET, J., and GAROUTTE, J., concurred.