## Cicero and Proviso St. Ry. Co. v. May S. Priest.

1. INSTRUCTIONS—*Requiring Instead of Permitting an Assessment of Damages.*—An instruction which requires instead of permits an assessment of damages in case the jury find the issues for the plaintiff, can not be held as error as applied to compensatory damages only, in a case where actual damages are conclusively established.

2. WITNESSES—*Evidence of General Bad Character Can Not be Introduced for the Purpose of Impeachment.*—Affirmative evidence of general bad character can not be introduced for the purpose of impeachment. But for the purpose of enabling the jury to measure the credibility of the witness and the weight to which his testimony is entitled, it is proper to show on cross-examination the occupation, business, etc., of a witness.

3. SAME—*What is Competent to be Shown in Determining the Weight and Credit to be Given to His Testimony.*—All the circumstances connected with a witness, tending to affect his credibility or bias his

judgment, are competent to be shown to and considered by the jury in determining the weight and credit to be given to his testimony. The antecedents of a witness are a proper subject-matter of inquiry on his cross-examination.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 21, 1900.

**Statement.**—This action was brought by appellee to recover damages for personal injuries resulting, as is alleged, through the negligence of appellant.

The substance of the claim of appellee, as alleged in her declaration and supported by the evidence produced upon the trial, is that while she was a passenger upon one of the cars owned and operated by appellant, a common carrier, and while she was attempting to alight from the car, which had been stopped for that purpose, the servants of appellant negligently started the car forward, and thereby she was thrown to the ground and injured.

There was some conflict in the evidence as to the manner of the occurrence of the injury; but the evidence sufficiently sustains the general verdict finding the appellant guilty of negligence as charged, which caused the injury, and without fault of appellee. The jury assessed appellee's damages at $5,000, and judgment was entered thereon, from which judgment this appeal is prosecuted.

CLARENCE KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

C. HELMER JOHNSON, attorney for appellee; JOHN F. WATERS, of counsel.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is not contended by counsel for appellant that the evidence is insufficient to support the verdict, nor that the verdict is manifestly against the weight of the evidence.

The only assignments of error which are argued as ground of reversal go to questions of procedure.

Complaint is made of the giving of the first, second and third of the instructions tendered by the appellee; and of the refusal of the eighteenth, nineteenth, twentieth and twenty-first of the instructions tendered by appellant. We will consider the substance of these instructions, without setting them out at length. The first was properly given. The only objection to it which we deem of consequence is that after the direction as to finding of the issues, it proceeds as follows : "And assess the plaintiff's damages at such sum as in your judgment will be a fair compensation for the injuries, if any, which plaintiff has sustained or will sustain in future on account of such injuries." While this part of the instruction is open to criticism, because it does limit the "judgment" of the jury to the evidence, and not because it does not limit the damages to such as result directly from the injury, yet we are of opinion that the giving of it in this instance does not constitute reversible error, because of its immediate relation to instruction numbered two, which follows it. In instruction numbered one, the issues are defined and the jury are directed as to the rule governing, and in its conclusion the reference to the assessment of damages above quoted is made. In instruction numbered two the jury are instructed at length and correctly as to the measurement of the damages. The two instructions taken together could not well have misled the jury as to proper elements of damage.

The objections raised to the second instruction are not tenable. If it assumed that damage was sustained, the fault could have worked no prejudice, for the evidence is conclusive that damage did result to the appellee. That its language required, instead of permitting, an assessment of damages in the event that the jury found the issues for appellee, can not be held as error as applied to compensatory damages only, in a case where actual damages are conclusively established. C. C. Co. v. Haenni, 146 Ill. 614.

There was evidence of loss of time and inability to work

because of the injuries, as well as other damage.    Appellee testified that she was confined to bed for a month.    The future damages referred to in this instruction are so related to the injury, as result thereof, as to be properly included. The third instruction, which is also complained of, states a correct proposition of law.    We can not say that it is not applicable to facts which the jury were warranted in finding to be established, and which are charged in the declaration.    There was no error in refusing the eighteenth instruction tendered by appellant.    It is argumentative in form, and hence bad, and all of its parts which are correct in substance are included in and covered by the first and third of the instructions given at request of appellee.

The nineteenth instruction was properly refused.    It is in all respects covered by instructions one and five, which were given, except in the directing of the jury as to the order in which they must consider the various questions presented for their determination.    We are of opinion that it can not be said, as a matter of law, to be error in procedure if a jury shall proceed first to determine the extent of the loss sustained by the plaintiff, and thereafter consider the issue of guilty or not guilty as to defendant.    It would doubtless be an illogical method of procedure; but that a verdict reached in such manner would be bad because of this method of deliberation in reaching it, is a proposition in support of which no authority is cited and we find none. Therefore, we hold that it was not error to refuse to direct the course of the jury in this regard.    The refusal of the twentieth instruction was not error, for its substance had been also already given in the first and fifth.    The twenty-first instruction was included in the first and third, and its refusal was therefore proper.

It is also complained that the court erred in rulings upon the admission of evidence.    Counsel for appellant complains of the admission of testimony of two witnesses for appellee, upon indications of pain and suffering on the part of appellee after the injury.    We are of opinion that there was no error in the rulings.    In the one instance it was at

most an improper answer to a proper question, and there was no motion to strike out. In the other instance the testimony was proper to be admitted. The limitation put by the court upon the cross-examination of Maude Schroder was largely a matter of discretion, and we are not prepared to hold that the discretion was abused. The court permitted a witness for appellant to be asked upon cross-examination if he was not engaged in the business of gambling. The admission of the answer to this question over objection is assigned as error. The question as to how far counsel may go in cross-examining witnesses upon matters concerning their business, occupation, etc., for the purpose only of affecting their credibility as witnesses, is one upon which the authorities of different jurisdictions vary. It is here well settled that affirmative evidence of general bad character can not be introduced for the purpose of impeachment. But for the purpose of enabling the jury to measure the credibility of the witness and the weight to which his testimony is entitled, it is proper to show by way of cross-examination the occupation, business, etc., of a witness. The propriety of such examination is not questioned, but the scope and purpose of it is indicated in Painter v. People, 147 Ill. 444.

In Hronek v. People, 134 Ill. 139, the court said:

"All the circumstances connected with a witness (or) that might tend to affect his credibility or bias his judgment, are competent to be shown to and considered by the jury in determining the weight and credit to be given to his testimony."

And in T., St. L. & K. C. R. R. Co. v. Bailey, 43 Ill. App. 292, this court said:

"The antecedents of a witness are a proper subject-matter of inquiry on his cross-examination."

We are of opinion that there was no error in the ruling of the court.

There are no other rulings upon the admission of evidence complained of which we deem it necessary to consider. The latitude of cross-examination is largely discretionary,

and we find no errors in the exercise of such discretion in this case.

After an examination of all the evidence, we are not prepared to say that the verdict rendered was excessive in amount.

The judgment is affirmed.