### Chicago City Railway Company v. Harry C. Gates.

#### Gen. No. 13,275.

1. NEGLIGENCE—*proof and allegations of, must correspond.* The allegations of the declaration and the proof must agree, and when a specific act of negligence is alleged recovery can only be upon proof of such specific act and not upon proof of negligence not alleged.

2. VARIANCE—*what constitutes, which precludes recovery.* Where the negligence alleged is the sudden starting of a car with a jerk when it was stationary and at rest and while the plaintiff was attempting to alight from it, and the proof is that the car was moving and the plaintiff, while it was so moving, attempted to alight, a variance appears which will preclude a recovery.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed May 31, 1907. Rehearing denied June 17, 1907.

**Statement by the Court.** This is an appeal from a judgment for the sum of $7,500 in favor of appellee and against appellant. The suit was tried on an amended declaration, consisting of two counts, filed June 20, 1905. In the first count it is averred, in substance, that the defendant, April 20, 1904, owned and operated a cable railway in Cottage Grove avenue, in the city of Chicago; that the plaintiff at said date, became a passenger on said railway at the intersection

of Cottage Grove avenue and Fiftieth street, to be con-
veyed thence to the intersection of said avenue with
Oakwood boulevard; that, when the car was approach-
ing Oakwood boulevard, he signaled defendant's serv-
ant to stop the car at the intersection of Cottage Grove
avenue with Oakwood boulevard, to allow him to alight,
and the car came to a stop at said intersection; and
after said car had stopped, as aforesaid, and before it
started, plaintiff, with due care and caution for his own
safety, then and there, at the time and place aforesaid,
attempted to alight from said car; and while the plaint-
iff was then and there attempting to alight from said
car, as aforesaid, the defendant so carelessly and negli-
gently managed and operated said car, machinery and
appliances, used by said defendant in and about pro-
pelling said car, that the defendant then and there
caused the said car to be moved with a sudden jerk, and
that, by reason thereof, plaintiff was then and there
and thereby thrown to and upon the ground with great
violence, and one of his legs was then and there crushed,
etc.

The second count differs from the first in that, after
averring that plaintiff signaled for the car to stop at
the intersection, it is averred as follows: "And plaint-
iff avers that the said car then came almost to a stop
at said intersection, and the plaintiff then and there,
and before said car stopped, and while plaintiff, with
due care and caution for his own safety, was in the act
of alighting from said car, as aforesaid, the defendant
so carelessly and negligently managed and operated
said car, machinery and appliances, used by said de-
fendant in and about the propelling the said car, and
then and there caused the said car to be moved sud-
denly, before the plaintiff had a reasonable time to
alight from said car in safety," by reason of which
plaintiff was thrown to the ground with great force,
etc.

The defendant pleaded the general issue. The jury
found for the plaintiff and assessed his damages at the

sum of $7,500, and the court, after overruling the defendant's motions for a new trial and in arrest of judgment, rendered judgment on the verdict.

William J. Hynes, Samuel S. Page and Watson J. Ferry, for appellant; Mason B. Starring, of counsel.

Edwin F. Abbott, C. H. Johnson and E. M. Winston, for appellee.

Mr. Justice Adams delivered the opinion of the court.

The appellee will be referred to as plaintiff, and the appellant as defendant, in this opinion.

Among the assignments of error argued by counsel for the defendant is, that the court refused to give the following instruction asked by defendant:

30. "If you believe from the evidence that the train in question upon which plaintiff was riding did come to a stop on the south side of the south crosswalk of Oakwood boulevard and Cottage Grove avenue on the occasion in question, and that said train started up from said stop and traveled upon and across, or nearly across, said crosswalk before plaintiff attempted to alight therefrom, and that he then attempted to alight therefrom while the same was in motion, and as a proximate result thereof he received the injury in question, then the plaintiff cannot recover in this case, and it is your duty to return a verdict of not guilty."

There is no evidence that the plaintiff attempted to alight or was in the act of alighting from the car before it stopped, as averred in the second count of the declaration; in other words, there is no evidence in support of said count. On the contrary, the testimony of all the witnesses, who testified in relation to the matter, including the plaintiff's own testimony, is that the plaintiff did not attempt to alight till after the car had stopped.

The first instruction given at plaintiff's request is framed on the theory that "the car stopped at Oak-

wood boulevard and Cottage Grove avenue, for the purpose of allowing plaintiff to alight therefrom," and that, while it was stopped and while he was attempting to alight, the car was suddenly started. Plaintiff's counsel asked no instruction on the theory that plaintiff attempted to alight before the car stopped.

There is a conflict in the evidence as to whether the train consisted of a grip car and one trailer, or of a grip car and two trailers, and as to what car the plaintiff was riding in before and at the time of the accident. The plaintiff claims that the train consisted of a grip car and one trailer, and that he sat in the northwest corner of the trailer, as the train was moving north, in Cottage Grove avenue, after he became a passenger. Without passing on the question of the preponderance of the evidence, it is sufficient to say that the evidence tends strongly to prove that the train consisted of an open grip car and two box or closed trailers, and that the plaintiff, when he boarded the train, took the rear seat on the east side of the open grip car, and remained there until he attempted to alight. The grip car had in front of it what is called a basket fender, which extended about three feet out from the front of the car, and the evidence tends to prove that it is usual, when a train is moving north in Cottage Grove avenue, for it to stop south of the south side of Oakwood boulevard, and that, on the occasion in question, it stopped so that the fender of the grip car was just south of the south crossing of the boulevard, and that the train stopped sufficiently long to allow a passenger, who wished to do so, to alight, and that the plaintiff did not attempt to alight, after the car had stopped and before it started, as averred in the first count of the declaration, but that he attempted to alight after the car had stopped, and after the train had started across Oakwood boulevard.

T. D. Shannon testified that he boarded the grip car at the intersection of Cottage Grove avenue with Forty-third street, the latter street being north of Sixty-third

street, where the plaintiff got on the train, and south
of Oakwood boulevard, and that he stood on the rear
platform of the grip car, on the east side of the plat-
form, and leaned against the rear dashboard of that
car. He testified that plaintiff was sitting on the east
side of the grip car, and that the car stopped at Oak-
wood boulevard, south of the crossing, and that no
part of the fender of the grip car passed onto the cross-
ing, and that, at that time, plaintiff was sitting with
his head hung down toward his breast, in which posi-
tion he had been from the time he, Shannon, got on
the car; that the car stopped eight or ten seconds, and
moved one or two feet, or more, over the crossing, and
plaintiff made a move to get up, and kind of made a
jump, and went to get off the car and fell off, stepped
off backwards, and, at the same time, reached down for
his satchel or suit case, whatever it was. "He kind
of raised up and looked and seen where he was at,
and made a jump on the car, and stepped backwards,
and, at the same time, reached for the suit case, and
as he did he went back off the car and fell, with his
head north, kind of on his breast or side. At the time
he first made the move to get off, the car was going;
it was increasing its speed." The testimony of Shan-
non as to his boarding the grip car, and where he
stood in it, is corroborated by the train conductor,
who was the conductor of the grip car and first trailer,
and also by the gripman. The evidence tends to prove
that there were only two passengers on the grip car—
plaintiff and Shannon. Milliken, the conductor of the
rear trailer, testified that before giving the signal to
start, after the car had stopped south of Oakwood
boulevard, he looked around on the east side, which he
says was the side to get on or off the train, to see
whether there was any one getting on or off the train,
and there was no one. Sherman, the conductor of the
grip car and first trailer, testified that where plaint-
iff lay, when he was lifted up, was twenty-five feet
north of where the car stopped. The evidence tends to

prove that, when the plaintiff fell, his left foot went under the front wheel of the first trailer, and that he was turned around from the position in which he lay when he fell, and that, if he was dragged at all, which is doubtful from the evidence, it was not more than from two to five feet.

The refused instruction was a most important one for the defense; there was substantial evidence tending to support it; it is not included in any instruction given, and its refusal is reversible error.

Either party has the right to have an instruction given on his own theory when there is evidence to support it. Chicago Union Traction Co. v. Browdy, 206 Ill. 615, 623; Fessenden v. Doane, 188 ib. 228, 232; B. & O. S. W. Ry. Co. v. Faith, 175 ib. 58, 61.

It is well settled that the allegations of the declaration and the proof must agree, and that when a specific act of negligence is alleged, the recovery can only be on proof of such specific act, and not on proof of negligence not alleged. Ebsery v. Chicago City Ry. Co., 164 Ill. 518, and cases cited; C. B. & Q. R. R. Co. v. Bell, 112 ib. 360, 365.

The allegation in the first count, which is the only count to which the evidence applies, is that the train stopped, and that "after said car had stopped and before it started," the plaintiff attempted to alight, and while plaintiff was so attempting, the defendant caused the car to be moved with a sudden jerk, by reason of which plaintiff was thrown to the ground. Here the negligence clearly alleged is the sudden starting the car with a jerk, when it was stationary and at rest, and while the plaintiff was attempting to alight from it. Manifestly, if the car was moving and its speed was being increased, after it had stopped, and the plaintiff, while it was so moving, attempted to get off it, he could not recover, and that such was the case the evidence tends to prove.

In W. Chicago St. R. R. Co. v. Kautz, 89 Ill. App. 304, the plaintiff averred in his declaration that, by rea-

son of a collision between the wagon in which he was riding and a grip car of the defendant, he was thrown from the wagon. Two witnesses testified that he jumped from the wagon. The trial court refused to give this instruction asked by the defendant: "If you believe from the evidence that the plaintiff jumped from the wagon, you should find a verdict in favor of the defendant." This court held the refusal of the instruction error, citing, among other cases, Wabash & W. Ry. Co. v. Friedman, 146 Ill. 583, which is in point in this case.

Counsel for appellee claim that the instruction was properly refused, first, because it does not contain all the elements which an instruction purporting to state grounds on which the jury might find for the defendant should contain, and cite Ill. Iron & Metal Co. v. Weber, 196 Ill. 526, in which case the instruction held erroneous was for the plaintiff, and purported to state facts which, if proved, would authorize the jury to find for the plaintiff, but which omitted a material element, proof of which was essential to a recovery. It is undoubtedly true that an instruction for either party, which purports to state facts which, if proved, will warrant a verdict for the party, and which omits a fact essential to be proved, to warrant a verdict for the party, is erroneous.

But this has no application to the instruction in question, which is, in effect, that if the jury believe from the evidence that the negligence alleged did not occur, and that the plaintiff was injured otherwise than by reason of the negligence alleged, he cannot recover. Secondly, plaintiff's counsel contend that the refused instruction is covered by other instructions given. This we cannot concede. There are general instructions to the effect that the plaintiff could not recover unless he had proved his case, as averred in his declaration, by a preponderance of the evidence; but these instructions did not call the attention of the jury to the precise question involved in the refused

instruction, and the defendant was entitled to have the refused instruction given.

Counsel cite a case holding that a judgment will not necessarily be reversed because of error in the giving or refusal of instructions, when it is apparent from the whole record that substantial justice has been done. This, however, is not such a case. The evidence, all of which we have carefully read, is such, that if the verdict were for the defendant, we would not feel warranted in setting it aside, on the ground of its being contrary to the weight of the evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*