## OTTIELE HARALSON v. SAN ANTONIO TRACTION COMPANY.

### Decided January 13, 1909.

**1.—Pleading and Proof—Variance—Personal Injuries.**

In an action for personal injuries received while alighting from a street car, the plaintiff alleged, in substance, that after the car had been stopped to let her off but before she had time to alight, the car was started suddenly and without warning, whereby she was violently thrown therefrom and injured; the defendant alleged that the plaintiff was guilty of contributory negligence in attempting to alight from the car while the same was in motion; the court instructed the jury to find for defendant if they believed from the evidence that at the time plaintiff attempted to alight from the car the same was in motion. Held, the charge was correct. Plaintiff could recover only upon proving substantially the facts alleged as her cause of action.

**2.—Personal Injuries—Defensive Issue—Failure to Submit, Who May Complain.**

In an action for personal injuries, the defendant alone can complain of the failure of the court to submit its defense of contributory negligence.

Appeal from the 45th Judicial District, Bexar County. Tried below before Hon. J. L. Camp.

*Kellar & Kellar,* for appellant.

*Ogden, Brooks & Napier,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellant against appellee for damages alleged to have been caused by personal injuries inflicted by the negligence of the latter while she was a passenger on one of its cars when she was in the act of alighting therefrom. The gravamen of the complaint is that after the car has been stopped to let her get off but before she had time, the motorman suddenly and without warning started the car, which was jerked with great force and violence so that she was thrown forcibly therefrom and fell prostrate upon the ground, and was thereby seriously injured.

The defendant answered by a general denial and a plea of contributory negligence, in which it was alleged that plaintiff's injuries, if any, were caused and contributed to by her act of negligence in attempting to get off a moving car at the time, in the manner and under the circumstances which she did, and not by any act of negligence on its part.

The trial resulted in a verdict and judgment for the defendant. .

The court, after (in the first paragraph of its charge) appropriately submitting the ground of negligence alleged by plaintiff as the cause of her injury, then, by the second paragraph, charged the jury as follows: "If, however, you find that at the time plaintiff attempted to alight from said car and was thrown or fell to the ground, said car had not come to a stop . . . but was in motion, you will find for the defendant." This part of the charge is assigned as error, and under the assignments these propositions are asserted:

"First. Whether alighting from a moving car constitutes negligence or not is a fact to be determined by the jury, taking into consideration all the circumstances and evidence in the case."

"Second. A variance between the allegations and proofs, which ought not to mislead the adverse party to his prejudice, is not material."

While each proposition is a correct enunciation of an abstract principle of law, neither is applicable to the case as made by the pleadings and evidence now under consideration. The plaintiff could only recover upon substantially proving the facts which she alleged as her cause of action. The fact that an injury is negligently caused one while attempting to alight from a standing car is obviously different from the fact that the injury was negligently caused when he was in the act of stepping from a moving one. As is said in El Paso Electric Ry. Co. v. Boer, 108 S. W., 201, "The only ground of negligence alleged was that the car was standing still when plaintiff started to alight therefrom and that while in the act of alighting it was suddenly started forward without warning, and he was thereby caused to fall to the ground and was injured. This allegation would not admit of proof or authorize the submission as an issue that the car was in motion when plaintiff started to alight from it and that its speed was suddenly increased; for the pleadings . . . raise no such issue. . . . If the car was moving when plaintiff first attempted to leave it, such fact necessarily showed it was not standing when he made the attempt, and thereby disproved the only act of negligence alleged as plaintiff's cause of action."

The second assignment of error complains that the court failed to submit any charge on the issue of contributory negligence, or inform the jury on whom was the burden of proof as to such issue. We can not perceive any reason for this complaint. Contributory negligence is a defense which, if established, defeats plaintiff's action. Hence, if there be evidence tending to support such defense and the court fails to submit it to the jury, the plaintiff is obviously benefited by such failure. The defendant, in such event, can only complain of such nonaction of the court; and it would seem from the authorities that he can not successfully do so unless he has appropriately requested a submission of such defensive issue.

As no assignment of error questions the sufficiency of the evidence to sustain the verdict, it may be assumed that it is correct. The judgment is affirmed.

*Affirmed.*

Writ of error refused.