[L. A. No. 4583.    Department Two.—August 1, 1918.]

## N. P. HANTON, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY, Respondent.

NEGLIGENCE—FALL UNDER ELECTRIC TRAIN—CAUSE OF ACCIDENT—CONFLICT OF EVIDENCE—APPEAL.—In an action for damages for personal injuries sustained from being run over by one of the cars of an electric train, where the evidence is in substantial conflict as to whether the injury was occasioned by the starting of the train before plaintiff had fully boarded it, or through an attempt to board the train while in motion, the finding of the jury is conclusive on appeal.

ID.—EVIDENCE—IMPEACHMENT OF WITNESS—PREVIOUS OPINION.—In such an action, where the obvious purpose of the plaintiff in introducing the testimony of a witness to the accident was to have the jury draw the inference that the plaintiff had time enough at the rapid gait he was moving to go a stated distance and proceed to board the train before it started, it was proper to permit the defendant on cross-examination to show a statement made by the witness that she was sure plaintiff did not have time to reach the steps and get on the car before it started, notwithstanding the statement was but an expression of an opinion.

ID.—PREPONDERANCE OF EVIDENCE—NUMBER OF WITNESSES—INSTRUC-
TION.—An instruction that while one witness was sufficient to estab-
lish a fact in a civil case, the jury was nevertheless to bear in mind
the number of witnesses testifying for or against any issue of fact
in determining where the preponderance of proof rested, was not
erroneous where the jury was also instructed that by a preponderance
of evidence was not necessarily meant a greater number of wit-
nesses, and if the plaintiff had proven his case by such evidence as
constituted and produced conviction in the minds of the jury, then
he had proven his case by a preponderance of the evidence.

ID.—ATTEMPT TO BOARD CAR—CONTRIBUTORY NEGLIGENCE—INSTRUC-
TION—THEORY OF CASE.—In such an action, an instruction that if
plaintiff attempted to board a moving car and was injured as a
direct or proximate consequence thereof, then he was guilty of con-
tributory negligence and could not recover, is not erroneous, in
failing to insert the word "negligently" before the word "attempt,"
where the theory of the plaintiff was that he attempted to board
a standing car and that it was negligently started before he had
fully boarded the same.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT.—A new
trial on the ground of newly discovered evidence is not granted
where the only value of the newly discovered testimony is as im-
peaching evidence.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

E. B. Drake, for Appellant.

Frank Karr, and R. C. Gortner, for Respondent.

LORIGAN, J.—This is an action for personal injuries.
The case was twice tried before a jury, the first trial result-
ing in a mistrial; the second, in a verdict and judgment in
favor of the defendant, and plaintiff appeals from both this
judgment and an order denying his motion for a new trial.
The accident in which plaintiff was permanently injured by
being run over by one of the cars of the defendant which he
was endeavoring to board occurred in the city of Venice,
Los Angeles County.

The grounds urged for a reversal are that the evidence was
insufficient to justify a verdict for defendant; that the court

erred in its rulings on the admissibility of evidence and respecting certain instructions; and further erred in refusing to grant a new trial on the ground of newly discovered evidence.

Upon the first point of alleged insufficiency of the evidence to sustain the verdict: It appears that plaintiff desired to take a car from Venice to Los Angeles and started toward a train of the defendant which had just come in and was about to return. It was at rest when plaintiff, who walked with a defective leg, rapidly approached it. He testified that the train was at rest when he reached it and he had partially ascended the lower step of one of the cars, having one foot on it and was about to pull the other foot up, when the train started suddenly, throwing him off and under the train, which passed over his foot, permanently injuring it. On the part of defendant it was insisted that the injury to plaintiff was occasioned through an attempt on his part to board the train while it was in motion. The jury evidently accepted this defense as sustained by the evidence and returned a verdict in favor of defendant. It is unnecessary to spend much time on the point of the appellant that the evidence did not justify this conclusion of the jury. There was the testimony of the plaintiff and of another party, a disinterested witness, who corroborated him, that the plaintiff was trying to get on the car while it was at rest in the manner as stated above, and that while so attempting to board it the train was started up, throwing plaintiff under it and injuring him. On the part of defendant a disinterested witness testified that as the plaintiff approached close to the car-steps, proceeding hurriedly and as rapidly as his lamed condition would permit, the car started and was in movement when the plaintiff reached it, and that while it was in motion plaintiff endeavored to board it and was thrown under it and injured. These were the only eye-witnesses to the accident, but there were minor facts and circumstances produced on either side which supported the claim of one party or the other. It is quite apparent that this testimony raised a substantial conflict of fact which it was exclusively the province of the jury to determine. It was for them to judge the credibility of the witnesses and the weight and effect to be given to the testimony on one side and the other, and in this condition of substantially conflicting evidence, the

jury having determined that the truth of the matter was in favor of the defendant, this court is precluded from reinvestigating the subject.

It is claimed that the court erred in a ruling on the admission of testimony. One Mrs. C. A. Brown was called by plaintiff. She testified that she was standing near the rear end of the train of cars and on the opposite side of it when the plaintiff approached; that at the time the cars moved up or started she could not see the plaintiff; that she saw him going toward the car till the "view of the car shut him off and I could not see him any more after he got there behind the car"; that from the time that plaintiff went out of her sight, in her judgment, "the car started up in something like fifteen seconds"; that while in her view plaintiff was going just like a person who is crippled; he was walking a good gait, quite fast. On cross-examination counsel for defendant produced a written statement which the witness had signed immediately after the accident containing the following: "The car had started and I am sure it was moving before he could have gotten to it," which latter portion of the statement the court, over the objection of plaintiff, admitted, and its admission is assigned as error on the ground that it was no contradiction of anything the witness had testified to on direct examination, and being solely an expression of opinion of the witness, was inadmissible on any theory. Certainly, the statement objected to, under the circumstances, was but an expression of opinion, and as a general rule witnesses must testify to facts and not to opinions or inferences. But even opinions expressed by a witness may sometimes be given in evidence if their tendency be to impeach the testimony of the witness given on the stand. It is not necessary that there should be contrariety in terms between the testimony given and the asserted impeaching statement. It is only necessary in order to render it admissible that the statement should have a tendency to contradict or disprove the testimony or any inference to be deduced from it. The obvious purpose of counsel for plaintiff in producing the testimony of the witness to the effect that fifteen seconds after she had seen the plaintiff within thirty or thirty-five feet of the steps and moving rapidly toward them the train started, was to

have the jury draw the inference that the plaintiff had time enough, at the rapid gait he was moving, to go that distance and proceed to board the train before it started. This is the only conceivable purpose for which it could have been offered. Now, it was perfectly proper that defendant should be permitted to show a statement made by the witness that she was sure plaintiff did not have time to reach the steps and get on the car before it started. It was in direct opposition and contradiction to the inference which counsel for plaintiff desired drawn by the jury from the testimony offered by him, and was, therefore, admissible. In this connection appellant claims that it was error to have denied him permission to show that this same witness was on the first trial called as a witness for defendant. This permission was not asked until after all the testimony in the case was in and its admission was asked as rebuttal. It was not rebuttal to anything and was properly denied for that reason. It may be observed, too, that if it were error, it was harmless. Such testimony would neither add to nor detract from anything which the witness testified to in the case.

Complaint is made of some instructions given by the court. The first complaint is of one relative to the preponderance of the evidence. After instructing the jury that the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact in the case, the court proceeded to state by instruction No. 6 that ''while one witness is sufficient to establish a fact in a civil case, as I have said to you, you are nevertheless to bear in mind the number of witnesses testifying for or against any issue of fact in determining where the preponderance of proof lies.'' The court also in this connection gave the following instruction: ''By a preponderance of the evidence is not necessarily meant a greater number of witnesses, and if the plaintiff has proven his case by such evidence as constitutes and produces conviction in the mind of the jury, then he has proven his case by a preponderance of the evidence.'' The complaint of the appellant as to instruction No. 6 is that it practically instructed the jury that they should determine disputed propositions of facts in the case by a consideration of the greater number of witnesses on one side

than on the other. But there is no warrant in the language of the instruction for any such construction. Taking the two instructions together, they inform the jury that a preponderance of the evidence in establishing any contested fact does not necessarily mean a greater number of witnesses on one side than on the other, but that as an element in determining the matter of preponderating evidence they might take into consideration the number of witnesses testifying on one side or the other. We perceive nothing improper in this instruction. All the cases cited by appellant, taking *Wastl* v. *Montana Union Ry. Co.*, 17 Mont. 215, [42 Pac. 772], *Bierbach* v. *Goodyear Rubber Co.*, 54 Wis. 213, [41 Am. Rep. 19, 11 N. W. 514], and *Christman* v. *Ray*, 42 Ill. App. 111, as a sample, condemn instructions which told the jury that greater weight was to be given to the greater number of witnesses on one side or another in a contested question of fact. The instruction here is not open to any such criticism. In fact, the only criticism it is subject to is that it is idle for a court to give a jury such an instruction. It is a mere commonplace and common-sense proposition. In every-day life disputed facts are determined by taking into consideration various elements which go to determining the weight to be given statements of parties on one side or on the other of a controversy—their opportunities for observation, mental capacity, standing, credibility, and numbers—and to instruct a jury that they may take into consideration the numerical element with the other elements in determining the weight of testimony on one side or another of a controversy is simply telling them they may do as jurors what they properly and logically would do as men without the instruction.

The court further instructed the jury that "if plaintiff attempted to board a moving car and was injured as a direct or proximate consequence thereof, then he was guilty of contributory negligence and cannot recover herein." It is contended that the instruction is erroneous because the court failed to insert before the word "attempted" the word "negligently," the reasoning of appellant being that the attempt to board a moving car is not as matter of law contributory negligence *per se;* that an ordinarily prudent person might attempt to board a slowly moving train, and it

would be for the jury to determine from all the circumstances whether it was contributory negligence or not. (*Finkeldey* v. *Omnibus Cable Co.*, 114 Cal. 28, [45 Pac. 996].) We have no fault to find with the contention of appellant as a proposition of law, but the instruction as appellant claims it should have been given was not warranted either under his complaint or the case as made. Instructions are properly addressed to the theory of the case as pleaded and made. Plaintiff did not allege in his complaint that with due care and caution he attempted to board a moving train and for some alleged reason was injured through the negligence of defendant. Plaintiff specifically alleged as his cause of action that he attempted, as a passenger, to board a standing car of defendant and that when he had partially done so the car was negligently started forward and he thrown from it and injured. The defense of the defendant was that plaintiff attempted to board a moving car and fell while making the attempt. The entire evidence of the case was addressed to this issue and the instruction complained of was properly addressed to this issue. Plaintiff, having alleged that the car was standing still and that defendant negligently started it up while he was boarding it, would not have been permitted to prove that in fact the car was moving when he attempted to board it, because to do this would be to permit him to sue on one theory and recover on another. Necessarily, if the car was moving when he tried to board it, this disproved the allegation of the complaint that it was standing still, and swept away the only alleged negligence upon which the cause of action of plaintiff was predicated. Neither the pleading nor the evidence warranted instructing the jury as plaintiff contends it should have been, but, on the contrary, the instruction that was given was entirely proper under both. (*Chicago City R. R.* v. *Gates*, 135 Ill. App. 180; *Peterson* v. *Metropolitan St. Ry. Co.*, 211 Mo. 498, [111 S. W. 37]; *Patterson* v. *Westchester Electric Ry. Co.*, 26 App. Div. 366, [49 N. Y. Supp. 796]; *Haralson* v. *San Antonio Traction Co.*, 53 Tex. Civ. App. 253, [115 S. W. 876].) In this connection it may be said, although the error was harmless, that the court should not have instructed the jury in the instruction complained of that if they found that plaintiff had attempted to board a moving train, "then he was guilty

of contributory negligence.'' The court should have instructed the jury that if they so found, then it was negligence on the part of plaintiff, and that he could not recover. But to say that plaintiff by such an act was guilty of contributory negligence necessarily imported that the defendant was in some way also negligent. This, of course, was not true, because the defendant had a legal right to have its cars moving when plaintiff tried to get on and so could not be negligent.

As to the motion for a new trial on the ground of newly discovered evidence: The asserted newly discovered evidence was all to be offered to impeach one of the witnesses for defendant. A new trial on the ground of newly discovered evidence is not granted where the only value of the newly discovered testimony is as impeaching evidence. (*Chalmers v. Sheehy*, 132 Cal. 459, [84 Am. St. Rep. 62, 64 Pac. 709].)

The judgment and order appealed from are affirmed.

Wilbur, J., and Melvin, J., concurred.