EDWARD MILLAR, Appellant, v. THE NASSAU ELECTRIC RAIL-
ROAD COMPANY, Respondent.

Second Department, December 5, 1919.

Railroads — negligence — injury while attempting to board street
car which had slowed down at customary stopping point — evidence
raising issue for jury.

Where the rules of a street railroad company required its cars to stop at the
near side of a street crossing and the plaintiff attempted to board a car
which had slowed down at such point as if about to stop and was thrown
and injured as the car continued across the intersecting street, there was
a question for the jury as to whether the car was about to stop to let the
plaintiff on and it was error to grant a nonsuit. In the circumstances
the plaintiff could not be held negligent as a matter of law.

APPEAL by the plaintiff, Edward Millar, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Kings on the 17th day
of April, 1919, upon a dismissal of the complaint by direction
of the court at the close of plaintiff's case.

The plaintiff was injured on May 1, 1918, between five and
six P. M., by the starting ahead of a Fifth avenue east-bound
surface car on Atlantic avenue just west of Smith street,
Brooklyn. Plaintiff, aged sixty-seven years, was standing in
Atlantic avenue out near the car track, about twelve feet west
of Smith street. On Atlantic avenue there came toward him
an open car to which was attached a vacant closed car.
Passengers were in the open car. As it neared this corner
it slowed down as if about to stop. Plaintiff took hold of
the stanchion of the open car with his right foot on the running
board. There was a violent jerk that swung him around
and threw him off as the car went across Smith street. At
the close of plaintiff's proofs the complaint was dismissed.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and
*L. Victor Fleckles* with him on the brief], for the appellant.

*Harold L. Warner* [*George D. Yeomans* with him on the
brief], for the respondent.

PER CURIAM:

The learned trial court did not hold plaintiff negligent as matter of law in boarding this slowly moving car. He inclined to the opinion that plaintiff had not been invited to become a passenger. In view of the testimony of witnesses, and the defendant's rule that cars should stop at this near corner where plaintiff stood, a question was presented for the jury, whether as the car came slowly to this intersection it would in fact stop to let plaintiff step on. (*Morrison* v. *B. & S. A. R. R. Co.*, 130 N. Y. 166.) Plaintiff could not be held negligent as matter of law. (*Eppendorf* v. *B. C. & N. R. R. Co.*, 69 N. Y. 195; *Berry* v. *Utica Belt Line Street R. Co.*, 181 id. 198, 204.)

The judgment is reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ., concurred.

Judgment reversed and new trial granted, costs to appellant to abide the event.