JOHN BURGER, Appellee, v. OMAHA & COUNCIL. BLUFFS STREET RAILWAY COMPANY, Appellant.

**Evidence:** OBJECTION : REVIEW. Where evidence is properly admitted over objection when offered, but later it is made to appear that it is incompetent, a further objection should be interposed to be available on appeal.

**Street railways:** NEGLIGENCE: PROXIMATE CAUSE: EVIDENCE. It is negligence for a street car company to start its car, when signaled to stop for a passenger, with a sudden jerk before the passenger has had an opportunity to board the same; and if in the attempt to board the car the passenger is thrown to the ground and injured without fault on his part, such negligence of the company is the proximate cause of the injury. Evidence held to present a case of negligence for the jury.

**Same:** NEGLIGENCE: PROXIMATE CAUSE. The negligent act of a street car company, in starting its car before a passenger has had an opportunity to board the same, thus putting him in a position of peril, continues as long as the danger continues, unless modified by some independent, affirmative and voluntary act of the passenger, or some intervening or controlling circumstance; and at what point the passenger ceases to be dominated by the company's negligent act and to resume voluntary control over his own actions is a question for the jury; as where the passenger was not immediately thrown to the ground but maintained his hold on the car, running with it for some distance, when his hold was broken or relinquished and he fell and was injured.

**Same:** CONTRIBUTORY NEGLIGENCE. Whether one in an emergency has acted with due care for his own safety must be determined from his conduct, and the test is whether he did what might be expected from an ordinarily prudent person under like circumstances; and if his conduct is such that reasonable minds may differ as to the wisdom of his action, a question of fact is presented. In the instant case the question of plaintiff's contributory negligence in holding to a street car which he was attempting to board after it was started was for the jury.

**Same.** One who sustains the relation of a passenger on a street car and who has been thrown from his position by a negligent act in the handling of the car, is not guilty of contributory negligence as a matter of law in seeking to regain his position and accomplish an entrance to the car, whether acting from impulse or from the reasonable belief that he can do so.

**Same:** EMERGENCY: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. Where it is disclosed that a street car was started suddenly and without warning, while a passenger was attempting to board the same, an instruction to the effect that if he did not let go of the car, but continued his hold and ran along with it in an attempt to board it after it had started, did not necessarily show contributory negligence, even though his action was ill-advised, if in so doing he acted as a man of ordinary prudence and had used ordinary care in his original attempt to get on to the

car, was a clear and correct statement of law, especially as the jury was elsewhere told that· he could not recover if his own negligence contributed to his injury.

**Credibility of witnesses:** INSTRUCTIONS: PREJUDICE. In view of the evidence and an instruction given by the court to the effect that the jury are the judges of the credibility of the witnesses and that where there was a conflict in the evidence they should harmonize it if possible, but if not should give to each witness such credit as they deemed him entitled to, or none if entitled to no credit, the refusal of a requested instruction that if a witness had wilfully sworn falsely regarding a material fact the jury were at liberty to disregard his testimony, or to give it only the weight or credit to which they believe it entitled, was not prejudicial.

**Damages:** LIMIT OF RECOVERY: PREJUDICE. Although the court failed to limit the recovery of damages for loss of time, in a personal injury action, to the amount claimed in the petition, still as other elements of damage were alleged to which evidence was adduced, and the verdict did not exceed the total claim, such omission was not prejudicial.

**Freedom from contributory negligence:** PLEADING. Where the petition in a personal injury action alleges "that said accident and injury was not caused by any act of negligence on the part of this plaintiff," defendant cannot insist upon a total failure to allege freedom from contributory negligence; if more was desired it should have been sought by motion.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, JULY 9, 1908.

REHEARING DENIED, TUESDAY, OCTOBER 27, 1908.

ACTION to recover damages for a personal injury. Trial was had to a jury, resulting in a verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Harl & Tinley,* for appellant.

*S. B. Wadsworth, F. E. Gates,* and *George B. Lynch,* for appellee.

BISHOP, J.—Defendant operates a street railway line in Council Bluffs, and the claim of plaintiff is that, while attempting to board one of defendant's cars, at what is known as the "Gun Club Station," the car was suddenly started forward, whereby he was thrown to the ground and injured. We shall take up the several matters of error occurring on the trial in the order of their presentation in argument.

I. As a witness in his own behalf, plaintiff testified, in chief, that his occupation was that of a barber; that before the accident in question, he was an able-bodied man. He was then asked: "What was your earning capacity per month before the time of the accident?" This question was objected to as incompetent and immaterial, and the objection was overruled. The ruling is assigned as error. We think there was no error. At the time of the ruling only the fact that plaintiff was by trade a barber appeared of record. All the matters on which the argument for error is built up came out subsequently on cross-examination. If counsel conceived that the effect of such matters was to make clear the incompetency of the evidence given on direct examination, respecting earning capacity, it was open to them to prefer challenge thereto, but this they did not do.

*1. EVIDENCE: objection: review.*

II. At the close of all the evidence defendant moved for an instructed verdict in its favor, on the grounds: (1) Negligence on the part of defendant had not been proven; (2) the acts of negligence sought to be established were not the proximate cause of the injury of which plaintiff complains; (3) freedom from contributory negligence had not been proven. The motion was overruled, and of this defendant complains. A determination of the question thus made involves, of course, a review of the evidence.

Presenting the same in the light most favorable to

plaintiff, as we are required to do, there was warrant for a jury finding of this state of facts. Defendant's line of railway, at the point in question, runs east and west, and is double tracked; the east-bound cars using the south track. While there is a platform on the north side of the tracks at the Gun Club Station, there is none on the south, and entrance to cars must be made from the ground. Plaintiff had been attending a shoot at the gun club, and, in company with one Craybill, came down from the club grounds—carrying his gun case in his hand—to take the car east from the station. As the car approached, a stop signal was given, and they stepped across to the south side of the tracks. Plaintiff says that when the car stopped, three or four passengers got off; that "Craybill got on the car first, and I took my gun in my right hand and set it on the platform, and he took the gun. I took hold of the (hand) rail with my left hand, and put my right foot on the step, and just started to get on, and took hold of the opposite rail, when the car started with a jerk, and I fell on the rail behind the car. The car was standing still when I put my gun on the platform, and the instant I put my foot on the step it started, just as I went to take hold of the opposite rail." Craybill, as a witness for plaintiff, says: "Three or four persons got off the car. I climbed right on as soon as these people got off. Burger took hold of the rail; handed me his gun first, just as quickly as I got on. He got hold of the railing and tried to get on. He undertook to make a step up there. I think he had a foot on the step. The car started as tight as it could go from the start. Burger fell down. It dragged him down. After he fell the car went from one hundred and fifty to two hundred feet." Discussion ought not to be necessary to make it clear that here was a case to go to the jury. Accepting plaintiff's story—as the jury might well do—he was in

2. Street rail-
ways: negli-
gence: proxi-
mate cause:
evidence.

the exercise of due care. The defendant was negligent in starting its car before passengers had opportunity to board the same, and in the manner of starting; and such negligence was the proximate cause of the accident.

III. Some of the witnesses for defendant testified that plaintiff continued his hold upon the hand rails after the car started, and ran along beside the car a distance of several feet before his hold was broken or

3. SAME: negligence: proximate cause.

relinquished, and he fell. Predicating its request on the testimony to this effect, defendant asked an instruction directing the jury that, if the facts were found to be as thus testified to, plaintiff could not recover, because the wrongful starting of the car, if it was wrongfully started, was not the proximate cause of plaintiff's injury. In a further request the court was asked to say that, upon a state of facts so found, defendant could not be held liable for the injury sustained, and this because, "by holding to the moving car and attempting to get on the same, plaintiff assumed any danger of injury arising therefrom." In a still further request the court was asked to say that upon a state of facts so found plaintiff was guilty of contributory negligence as a matter of law, and hence could not recover. Each of these requests were refused, and the refusal as to each is denounced as error. We think there was no error. According to our understanding, it is no part of the contention of counsel that plaintiff acted in violation of any duty he owed to himself when he seized the hand rails and made his initial attempt to step upon the car platform. On the contrary, as we gather, this seems to be the theory of counsel, upon which the requests are based: That, conceding the premature starting of the car, and that the same was negligent, if the immediate effect thereof was not to throw plaintiff to the ground, but, instead, he maintained his hand hold on the rail, and ran alongside for some distance in an effort to

accomplish a boarding, but finally relinquished his hold because unable longer to maintain the same, and there being no intervening act of defendant following the starting of the car, save the continued forward movement thereof, then the fall was not the proximate result of the wrongful act in starting the car, and, as that act is the sole matter of negligence complained of, as matter of law there can be no recovery. So, also, that under such circumstances the act of plaintiff in running alongside amounted in law to contributory negligence, and he assumed all risk of accident in so doing. The theory is well conceived in the interests of defendant, but it will not bear analysis. . Of necessity it is based upon the supposition that the negligence of defendant ceased of effect once the immediate shock, incident to the premature starting of the car, had spent its force; that with the forward movement of the car, due care resumed its dominant sway. To hold in conformity with the view thus taken would be to write a new chapter on the law of negligence. Instead, it is the law, as universally applied, that where one by his negligent act thrusts another into a position of danger, the act—and the negligence by which it is clothed—continues and controls as long as the danger continues, unmodified by any independent, affirmative, and voluntary act on the part of the person affected, or by some intervening controlling circumstance. And it is for the jury to say at what point or juncture, and in what particular, such person ceased to be dominated in his conduct by the act of negligence, and resumed voluntary control over his own actions. To search out and cite authorities in support of these conclusions would seem to be a work of supererogation. The case, as here made, is quite different from one where an intending passenger approaches a moving car and attempts to board it. And such are the cases principally relied upon by appellant. In such cases the continued movement of the car can not

be considered, in any sense known to the law of negligence, as the proximate cause of an accident and injury attendant upon the attempt to board. If the operating company can be held responsible at all for such an injury, it must be upon proof of some affirmative act of negligence intervening between the attempt to board and the accident complained of, and from which act of negligence the accident and injury proceeded. Here, however, the plaintiff occupied the relation of a passenger when the start of the car was made. 3 Thompson, Negligence, Section 2638. Another question—simple in its last analysis—is this: Where did the force which led up to and culminated in the accident which befell plaintiff have its origin? If traceable to the negligent conduct of defendant in starting and moving forward the car, and the accident would not have happened but therefor, then such conduct must be regarded as the proximate cause and the question in the case—if, indeed, the facts permitted of a question—was one for the jury.

Giving attention, for a moment, to the question of contributory negligence, as made by the request, there is no theory on which to conclude as matter of law that 4. SAME: contributory negligence. due care for his own safety required of plaintiff that he release his hold upon the car the moment he was made aware of the fact that the same was in motion. Whether or not a person—brought to face an emergency—has acted with due care for his own safety is to be determined in all cases by the method of conduct. If what was done was no more than might have been expected from an ordinarily prudent person, placed under the like circumstances, then due care is not wanting. And if in the situation presented there is room for reasonable minds to differ as to the proper conclusion to be drawn, the question is one for a jury. And, as far as we know, all the opinion and text writers agree upon this. Now, as we understand it, the car platform—

approached by a step—was not guarded by a door or gate, so that, in getting on and off, passengers were not dependent on any action of the employes in charge of the car. As we have seen, plaintiff had partially effected a boarding when the car started. And if the witnesses for defendant were to be believed, the car started slowly and without any jerk. It is not improbable that reasonable minds might conclude that plaintiff was not negligent in trying to regain his footing on the car step, and thence to the platform. The question was therefore for the jury. Of course, if plaintiff on his own voluntary motion—and wholly disconnected and independent from the sudden start—ran alongside the car, and his fall was proximately due to some cause transpiring after the start was made, there might be room for the application of the principle of the cases on which appellant relies. But in the evidence there was no warrant for a finding that such was the situation with which the jury had to deal. As the argument concedes that the starting of the car was negligent, and assuming the truth of the testimony of defendant's witnesses, in our view the only question in the case is whether plaintiff was guilty of contributory negligence in not releasing his hold, at once, upon being made aware of the starting of the car. And such, by all the authorities, was a question for the jury.

IV. Further, on the subject of contributory negligence, the defendant requested the court to instruct the jury that, if found that plaintiff retained his hold upon the car after the start was made, and ran alongside the same for some distance before

5. SAME.

he fell, "said action would be prima facie negligence on his part, . . . and he can not recover, unless he has shown, by a preponderance of the evidence, that said act was excusable by reason of danger, real or apparent, to him—that of falling and receiving injury, if he should release his hold upon the car." This request was also

refused, and, as we think, rightly so. Fairly analyzed, it is the doctrine of the request, that, on findnng that plaintiff retained his hold upon the car, and ran alongside thereof, justification for his conduct in so doing was possible in law only on the theory that it was, or appeared to him to be, necessary to so act in order to prevent injury to his person. It excludes the idea that justification for his conduct was possible, even though his motive in so acting was to regain his footing and complete an entrance in the car. By the great weight of authority it is the rule that in the case of one not yet a passenger contributory negligence does not arise, as matter of law, from the mere fact that an attempt has been made to board a moving car. 3 Thompson, Negligence, Section 3536. This being so, on no theory is it possible to say that one who sustains the relation of a passenger, and who has been thrown from his position by an act of negligence in the handling or operation of the car, must be held guilty of negligence *per se* if he attempts—either as the result of impulse, or in the reasonable belief that he can succeed—to regain his position and accomplish a boarding of the car. And, especially, such ought not to be the rule where, as here, according to defendant's witnesses, the start of the car was easy and slow.

V. In the 11th instruction, given by the court on its own motion, the subject of contributory negligence was dealt with. In the instruction the law of the case—
6. SAME: emergency: contributory negligence: instructions.        after advising the jury that plaintiff could not recover if, by his own negligence, he contributed to the happening of the accident and injury of which he complains—was thus stated: "The fact, if it be a fact, that plaintiff did not let go of the car, but clung to the rail and ran along the side of the car trying to get on, after it had started, will not necessarily show that he was guilty of contributory negligence. If, by reason of the starting of the car at the

time and in the manner in which it was started, an emergency arose, then, even though plaintiff's action was ill judged, if, under all the facts and circumstances shown by the evidence, he acted as would a man of ordinary prudence in a like situation, and had used ordinary care in his original attempt to get on the car, then he was not guilty of contributory negligence," etc. This instruction is assailed on the grounds: "(1) That there was neither pleading nor evidence upon which to submit to the jury the question of such emergency; (2) that the instruction failed to tell the jury what would have constituted contributory negligence of the plaintiff in clinging to the car and running along beside it; (3) that the said instruction was confused and misleading upon the question of contributory negligence, and incorrectly stated the law on the subject." There is no merit in any of these grounds. Most certainly it is within bounds to say that, in the sudden and unexpected starting of a street car, while a passenger is attempting to board the same, there is presented an emergency. According to the lexicographers, an emergency is a sudden or unexpected happening or occasion calling for immediate action. Webster's Dictionary; Century Dictionary. And in the pleading it was alleged, and without dispute the evidence made proof, at least that the car was started suddenly and without warning. In a previous instruction the court had correctly defined negligence, and the jury had been told that it was incumbent on plaintiff to show his own due care; that "on his part he was bound, where attempting to get on the car, and in all his conduct with relation to it, to exercise reasonable and ordinary care for his safety, and if he failed so to do, he was negligent, and can not recover." We think no more could, in reason, be required. The instruction correctly stated the law, and without confusion.

VI. Defendant asked an instruction to the effect

that, "if the jury found that any witness in the case had wilfully and intentionally sworn falsely with reference to any material fact in the case, they were at liberty to disregard the testimony of such witness, or to give to it only the weight and credit to which in their judgment it was entitled." The request was refused, and, on its own motion, the court told the jury that: "You are the judges of the credibility of the witnesses and the weight to be given to each and all of them. Where there is a conflict in the evidence, you should harmonize it if you can; but if you can not do so, you should give to each witness such credit as you deem him entitled, or none if entitled to none." Conceding the propriety of an instruction as required, we think the refusal was without prejudice, in view of the instruction given; and this we say in the light of our reading of the evidence of each of the witnesses.

*7. Credibility of witnesses: instructions: prejudice.*

VII. As one element of his damage, plaintiff alleged in his petition a loss of time, in the sum of $1,000. In the instruction devoted to the subject of measure of damages the court did not place any limitation upon the amount which plaintiff might recover for loss of time. As there were other elements of damage alleged, to which evidence was addressed, and as the verdict was for $5,000, there was no prejudice.

*8. Damages: limit of recovery: prejudice.*

VIII. After verdict defendant filed a motion in arrest of judgment; one of the grounds being that the petition failed to allege freedom from contributory negligence. Pending the motion, plaintiff asked leave to amend, to make allegation of that fact, and, over the objection of defendant, leave was granted, and an amendment was filed. Thereupon the defendant filed answer to the amendment, denying generally, and demanded a trial on the issue thus joined. The demand was refused, and the motion in

*9. Freedom from contributory negligence: pleading.*

arrest was overruled. In disposing of the contention for error arising out of this, it is sufficient to say that in the petition, after relating the facts leading up to and culminating in the accident and injury of which plaintiff complains, it is alleged "that said accident and injury was not caused by any act of negligence on the part of this plaintiff." As the trend of the fact specifications in the petition was to the effect that plaintiff was in the exercise of due care for his own safety, the allegation we have quoted above was sufficient as a conclusion. At least, the pleading was not wholly wanting in allegation on the subject; and, if defendant had desired more, it should have moved therefor.

Other errors assigned are either without merit, or are disposed of by what has already been said.

No reversible error entered into the judgment, which must be and it is *affirmed.*