[S. F. No. 7288.   Department One.—June 18, 1917.]

## HARVEY J. HART, Respondent, v. FRESNO TRACTION COMPANY (a Corporation), Appellant.

COMMON CARRIER—RELATIONSHIP OF PASSENGER.—A person may become a passenger and entitled to the highest degree of care, without having entered the carrier's vehicle, if the surrounding circumstances show an intent on his part to become a passenger and an acceptance of him by the carrier as such.

ID.—EVIDENCE — ESTABLISHMENT OF RELATIONSHIP.—In an action for damages for personal injuries received in attempting to board a moving electric street-car, the relationship of carrier and passenger is sufficiently established by evidence tending to show that plaintiff intended to board the car to be carried as a passenger, that defendant's servants in charge thereof knew of his intention, and, as indicating their consent to receive him, reduced the speed of the car, and saw or ought to have seen what he was doing, and understood or ought to have understood his purpose in doing it.

ID.—NEGLIGENCE — ATTEMPT TO BOARD MOVING STREET-CAR — QUESTION FOR JURY.—Whether or not plaintiff was a passenger and as such suffered injury through defendant's negligence were questions for the determination of the jury, as likewise the question of contributory negligence, since it is not negligence *per se* for one to get on a moving street-car.

ID.—CARE EXACTED OF DEFENDANT—INSTRUCTION.—The defendant was not prejudiced by an instruction to the effect that if the plaintiff was not a passenger, but attempting to become such, the law imposed upon defendant the exercise of ordinary care only, where the complaint was based and the evidence clearly tended to establish the relationship of passenger, and the jury was instructed that if plaintiff was found to be a passenger, he was entitled to the exercise of the highest degree of care by defendant.

APPEAL from an order of the Superior Court of Fresno County denying a new trial.   George E. Church, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, Short & Sutherland, and Carl E. Lindsay, for Appellant.

E. S. Van Meter, and C. K. Bonestell, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Action to recover damages for a personal injury alleged to have been sustained by

plaintiff as a result of defendant's negligence. Judgment
for $750 followed a verdict in favor of plaintiff. The appeal
is by defendant from an order of court made upon a state-
ment of the case denying its motion for a new trial.

At the time of the alleged injury to plaintiff, defendant
owned an electric railway upon which it, as a common car-
rier, operated cars between the city of Fresno and a station
at its eastern terminus known as Sunny Side Vineyard, over
which, in connection with a street-car system of said city, it
transported passengers between said points. The cause of
action, as sufficiently, although perhaps inartistically, stated
in the complaint, is based upon the theory that plaintiff at
the time in question, although he had not entered defendant's
car, was nevertheless a passenger thereon by reason of the
fact that defendant's employees, by their acts, had accepted
his offer to become such, and that in boarding the car he was
by reason of defendant's negligent operation thereof thrown
to the ground and injured.

That one, though not inside of a carrier's vehicle, may
nevertheless, as to the carrier, occupy the position of a pas-
senger entitled to the highest degree of care must be con-
ceded. (*Jacquette* v. *Capital Traction Co.*, 34 App. D. C. 41,
[25 L. R. A. (N. S.) 407].) The rule is that "a person may
become a passenger, without having come into the carrier's
vehicle, if the surrounding circumstances show an intent on
his part to become a passenger and an acceptance of him by
the carrier as a passenger." (Hutchinson on Carriers, 3d
ed., sec. 1005; *Nilson* v. *Oakland Traction Co.*, 10 Cal. App.
103, 109, [101 Pac. 413].)

The contention of appellant is that the evidence is insuffi-
cient to show that respondent brought himself within the rule
stated. While not questioning the existence of circumstances
clearly showing an intention on the part of plaintiff to be-
come a passenger, it is insisted that such intention was not
communicated to defendant, nor any circumstances shown
from which an acceptance of plaintiff as a passenger by
defendant could be implied.

In our opinion the contention possesses no merit. It ap-
pears that plaintiff, with four others with whom he was em-
ployed, went to Sunny Side station with the intention of
boarding one of defendant's cars as a passenger for Fresno.
When they got there it was raining, and as the car had not

arrived, they took shelter under a tree some 125 feet in distance short of the point where the car usually stopped at the end of the track.  Upon its arrival, which it appears was late, plaintiff and his companions started hurriedly from their shelter to the car, but before they reached it the conductor changed the trolley, and the car, contrary to the usual custom, was immediately started upon its reverse course at a speed of some four or five miles per hour, but *slowed down a little,* enabling plaintiff's companions, who were ahead of him, to board the same.  Plaintiff followed the moving car at a fast walk or trot, and as it slowed down to the speed at which he was walking, and while the conductor and motorman were looking back at him, he grasped the upright handrail of the car and jumped on the step thereof, at which time the car was propelled forward with a sudden jerk, causing plaintiff to slip and lose his foothold upon the step and let go the handrail, as a result of which he was thrown to the ground and sustained the alleged injury.  In our opinion, the uncontroverted evidence offered tended to show that plaintiff intended to board the car to be carried as a passenger; that defendant's servants in charge thereof knew of his intention so to do, and, as indicating their consent to receive him and his companions as passengers, reduced the speed of the car, and saw or ought to have seen what he was doing, and understood or ought to have understood his purpose in doing it.  The circumstances shown clearly tended, as between the parties, to establish the relation of carrier and passenger.  (*Berry* v. *St. Louis Transit Co.,* 211 Mo. 88, [109 S. W. 661]; *Burger* v. *Omaha & C. B. St. R. R. Co.,* 139 Iowa, 645, [130 Am. St. Rep. 343, 117 N. W. 35].)

Whether or not plaintiff was a passenger on defendant's car and as such suffered injury through defendant's negligence were questions for the determination of the jury, as likewise, since it is not negligence *per se* for one to get on a moving street-car (*Nilson* v. *Oakland Traction Co.,* 10 Cal. App. 103, 109, [101 Pac. 413]; 1 Nellis on Street Railroads, sec. 259; *O'Mara* v. *St. Louis Transit Co.,* 102 Mo. App. 202, [76 S. W. 680]), was the question of his alleged contributory negligence.  Upon each of such questions the verdict implies a finding favorable to plaintiff.

There is no ground for the contention that the court charged the jury with respect to matters of fact.  The in-

struction which forms the subject of this complaint begins with the words, "it is *claimed* by the plaintiff," which assertion is followed by a fair statement of what his evidence tends to prove.

Conceding that the requested instruction as to the burden of proof was a proper one and should have been given, nevertheless the failure to give it could not possibly have prejudiced any substantial right of defendant.

Appellant also insists that it was prejudiced by reason of the court instructing the jury upon the right of plaintiff to recover upon two theories—one to the effect that, if found to be a passenger, as such he was entitled to the exercise of the highest degree of care by defendant, and the other to the effect that, if he was not a passenger, but attempting to become such, the law imposed upon defendant the exercise of ordinary care only. As hereinbefore stated, not only was the cause of action as stated in the complaint based upon the theory that plaintiff was a passenger, but the evidence clearly tended to establish such fact; hence defendant, as to plaintiff, was in duty bound to exercise the highest degree of care. Now, conceding (but not so holding, since it is not necessary to so decide), that the court erred in giving the instruction based upon facts requiring defendant to exercise ordinary care only, it could not have been prejudiced thereby. Indeed, as to defendant, obviously the instruction was favorable rather than otherwise.

Objections to some of the questions propounded with the view of proving the extent of plaintiff's injuries should have been sustained. For instance, plaintiff's employer was asked whether or not there was any kind of carpenter work which, upon being requested, plaintiff refused to do, to which he answered "Yes." Conceding questions of this nature improper since plaintiff may have arbitrarily refused, it is apparent, in view of ample evidence given as to the extent of the injury suffered, that no prejudice resulted therefrom. They were not calculated to influence the jury in arriving at its verdict.

Our attention is directed to no prejudicial error and the order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.