[Civ. No. 6217. First Appellate District, Division One.—March 20, 1928.]

ALEXANDER M. STARKEY, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

250

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellant.

Reed M. Clarke and Otto G. Kuklinski for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment entered on the verdict of the jury awarding plaintiff four thousand dollars damages for personal injuries sustained by him by reason of his being thrown from a car of appellant street railway while in the act of boarding it.

The complaint alleges that on or about October 16, 1924, while plaintiff was waiting to board one of defendant's westbound cars on Mission Street, at the intersection of Thirteenth Street, he signalled the car to stop, whereupon the car in approaching such intersection slowed down and *came to a complete stop* with the rear platform opposite the place where he was standing; that he grasped the hand-rail of the car attempting to board it and placed both feet upon the step of the car and was in the act of boarding the car to the platform thereof, when the defendants, and each of them, carelessly, negligently, recklessly, and prematurely, and without warning and without permitting or affording plaintiff a reasonable or any opportunity to reach a position of safety,

*started* the car suddenly and violently and at excessive speed, by reason whereof he was thrown with great force and violence to the pavement and injured. The answer specifically denies these allegations of the complaint and as a further answer and defense pleads contributory negligence.

The testimony of plaintiff follows the allegations of the complaint, he testifying that the car had come to a stop before he attempted to board it, while plaintiff's witness Edward H. Mills, a police officer, who was standing at the intersection of the streets where the accident occurred and witnessed the accident, testified that the car had not come to a stop when plaintiff boarded it. It was in motion, traveling about eight miles an hour, and did not stop for about half a block past Thirteenth Street. The witnesses called by defendant, including the motorman, conductor, and three passengers, all testified that the car was in motion when plaintiff attempted to get on, their testimony as to the speed of the car ranging from eight to fourteen miles an hour.

The foregoing is a sufficient statement of the issues and evidence to afford an understanding of the errors assigned, which are as follows: The court erred in instructing the jury on the doctrine of *res ipsa loquitur;* in giving instructions which permitted the jury to find for plaintiff if he attempted to board a moving street-car; assuming that plaintiff had given a signal and erroneously instructed the jury that a reduction of speed was an invitation to board the car, and that the evidence is insufficient to sustain the verdict of the jury in regard to the negligence charged against defendant, and affirmatively shows that plaintiff's injuries were proximately caused and contributed to by his own negligence and assumption of risk.

At the request of plaintiff the court instructed the jury: "When a thing which causes injury is shown to be under the management of the defendants or either of them, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care," and further: "The effect of the doctrine when applied to passenger cases, is that proof of the injury

to the passenger through the operation of the car or through any other instrumentality under the exclusive management and control of the carrier, while he was being carried as such, creates a *prima facie* case, or presumption of negligence on the part of the carrier, which the carrier is called upon to meet or rebut. This presumption that the injury was caused by the negligence of the carrier, which is raised upon the proof that the plaintiff was thus injured while being carried as a passenger, is itself a fact which the jury must consider in determining its verdict, and which, in the absence of any other evidence in reference to the negligence and in the absence of contributory negligence necessitates a verdict in favor of the plaintiff.''

These instructions on the doctrine of *res ipsa loquitur* are not applicable to the issues framed by the pleadings, nor to the case as presented by the facts and should not have been given to the jury, as the complaint, after alleging that the car came to a *complete stop* at the point where plaintiff was standing, and that plaintiff grasped the handrail and placed both feet upon the step of the car and was in the act of boarding it, alleges: ''When the defendants and each of them carelessly, negligently, recklessly and prematurely, and without warning and without permitting or affording the plaintiff a reasonable or any opportunity to reach a position of safety, *started* said car suddenly, violently and at excessive speed.''

Appellant has cited us to a number of cases in support of its contention that the doctrine of *res ipsa loquitur* has no application to the present case. Among the cases cited, *Marovich* v. *Central California Traction Co.*, 191 Cal. 295, 305 [216 Pac. 595, 606], is more nearly analogous to the case presented here. In that case the court instructed the jury—and which instruction was held to be erroneous—as follows: '' 'If you believe that Katherine Marovich was killed while riding as a passenger on the street car of the defendant by defendant's operation of any of its instrumentalities, then I instruct you that the defendant is called upon to show either that her death was occasioned by inevitable casualty which human foresight could not have prevented, or was due to contributory negligence on her part, and if you further believe that the defendant has not done this,

your verdict should be for the plaintiff.' This instruction should not have been given under the issues framed. The general rule is that where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply.''

It is true that this court in *Atkinson* v. *United Railroads,* 71 Cal. App. 82 [234 Pac. 863], in a case where the decedent was killed while riding as a passenger on one of the cars of the United Railroads, in reviewing the authorities on the *res ipsa loquitur* doctrine, said: ''In adopting a rule for this state, we are of the opinion that it was not intended to declare an absolute and unqualified rule, that is, one so drastic as to deny plaintiffs in all cases, and under all circumstances, the benefit of the doctrine of *res ipsa loquitur,* merely because they have voluntarily gone further than the law required them to go, in particularizing the specific acts of negligence upon which they relied for a recovery; but that it was intended that the more liberal rule should be followed which restricts plaintiff in his proof and recovery to the specific acts alleged, and relieves the defendant from the burden of exculpating himself from any other acts of negligence than those alleged, but which does not, so far as those particular acts of negligence are concerned, deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur*. This conclusion is based, primarily, upon the fact that admittedly the rule, as enforced in this state, is not without qualification, for in *Connor* v. *Atchison, T. & S. F. Ry. Co.,* 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378], it is said: 'However, where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine' (*Zerbe* v. *United Railroads of San Francisco,* 56 Cal. App. 583 [205 Pac. 887]). And again in *Roberts* v. *Sierra Ry. Co.,* 14 Cal. App. 180 [111 Pac. 519], wherein it is held that notwithstanding allegations of specific acts the presence of additional allegations of general negligence justifies the application of said doctrine. Secondly, we find nothing in the holding or the reasoning of any of the

three cases relied upon by appellant which conflicts with the liberal rule we believe was intended to be declared and followed. The case of *Connor* v. *Atchison, T. & S. F. Ry. Co., supra,* was one wherein the judgment was reversed, not because the trial court instructed the jury that the doctrine of presumed negligence did apply, but because of its refusal to instruct the jury that such doctrine did not apply; and such doctrine did not apply for the obvious reason that the statement of plaintiff's cause of action and the proof offered in support thereof showed that the accident was caused by negligent acts which did not give rise to the doctrine of *res ipsa loquitur.*" And we think in the present case the allegation of negligence and proof offered in support thereof showed that the accident was caused by a negligent act which did not give rise to the doctrine of *res ipsa loquitur.*

The instructions complained of here, however, were statements of abstract propositions of law and were limited not only by other abstract instructions, but also directly and expressly by specific instruction. As an example of the abstract instructions limiting such instructions the jury was instructed: "In civil cases the affirmative of the issue must be proven. The affirmative here is upon the plaintiff as to all affirmative allegations of the complaint," and after correctly instructing the jury as to the meaning of preponderance of evidence, the court continued: "Before the plaintiff can recover in this action it must first appear by a preponderance of the evidence that the defendants or their servants were guilty of some act of negligence which contributed proximately to the accident. It must also appear that the plaintiff was without fault or negligence on his part which may have contributed proximately to the accident." Besides these instructions as to the burden of proof the court later in its instructions at the request of defendant instructed the jury: "In a case as here presented there is no legal presumption of negligence, but negligence is a fact and like other facts alleged by the plaintiff must be proven by him to entitle him to recover."

It appears, therefore, that the court first instructed the jury on the doctrine of *res ipsa loquitur,* but later, and after instructing it that the burden of proof was upon the plaintiff to establish the negligence charged by a preponderance

of the evidence, instructed it that the doctrine of *res ipsa loquitur* did not apply. Since the instruction complained of was one on an abstract principle of law, was limited by other instructions and the jury was instructed with particularity that the abstract principle announced did not apply as follows: *"In the case here presented there is no legal presumption of negligence,* but negligence is a fact and like other facts alleged by plaintiff must first be proven by him to entitle him to recover," we do not think the jury could have been misled by the abstract instruction on the doctrine of *res ipsa loquitur*, or that the giving of such instructions prejudiced the substantial rights of appellant. We comment upon these instructions, however, so that upon a retrial of the case, which must be ordered upon other grounds, the objectionable instructions will not again be given.

We feel impelled to reverse the case because of the giving of the following instructions advising the jury that it could find for the plaintiff, if it found that he boarded the street-car while it was in motion. The following instructions were given at the request of the plaintiff: "If you find from the evidence in this case that notwithstanding the fact that the plaintiff had boarded the street car in question while the same was in motion, the proximate cause of the injuries sustained by plaintiff was the sudden starting of the car after plaintiff had boarded the same and before he had an opportunity to reach a place of safety on said car, I instruct you that the fact that plaintiff had boarded the car while the same was in motion will not bar his recovery. I instruct you that plaintiff was not guilty of negligence in attempting to board the car in question merely because said car was moving at said time, if the circumstances were such that a person of ordinary caution would not have been deterred from attempting to board it. I instruct you that if you find from the evidence in this case that after plaintiff had signalled to said car, the same slackened speed in response to said signal, such slackening of speed was an invitation on the part of the servants of the defendants who were operating said car for the plaintiff to board said car. I instruct you that if you find from all of the evidence in this case that the plaintiff had reason to believe and did believe that said street car was stopping

for the purpose of permitting him to board the same as a passenger thereof, and if you further find from the evidence that a person of ordinary prudence and caution, under the circumstances shown by the evidence, would have attempted to board said car, then the plaintiff is not guilty of contributory negligence by reason of the fact that he boarded said car while the same was in motion.''

The gist of the action was the *starting and putting in motion a standing car* while plaintiff was boarding it. This was the only issue presented by the pleadings and the evidence. A recovery, therefore, based upon any other ground or theory cannot be sustained.

In *Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 Pac. 61], the court instructed the jury that ''if plaintiff attempted to board a moving car and was injured as a direct or proximate consequence thereof, then he was guilty of contributory negligence and cannot recover herein.'' Appellant contended that the instruction was erroneous because the court failed to insert before the word ''attempted'' the word ''negligently''—that the attempt to board a moving car is not as a matter of law contributory negligence *per se*. The court there says: ''We have no fault to find with the contention of appellant as a proposition of law, but the instruction as appellant claims it should have been given was not warranted either under his complaint or the case as made. Instructions are properly addressed to the theory of the case as pleaded and made. Plaintiff did not allege in his complaint that with due care and caution he attempted to board a moving train and for some alleged reason was injured through the negligence of the defendant. Plaintiff specifically alleged in his cause of action that he attempted as a passenger, to board a standing car of defendant and that when he had partially done so the car was negligently started forward and he was thrown from it and injured. The defense of the defendant was that plaintiff attempted to board a moving car and fell while making the attempt. The entire evidence of the case was addressed to this issue, and the instruction complained of was properly addressed to the issue. Plaintiff, having alleged that the car was standing still and that defendant negligently started it up while he was boarding it would not have been permitted to prove

that in fact the car was moving when he attempted to board it, because to do this would be to permit him to sue on one theory and recover on another. Necessarily, if the car was moving when he tried to board it, this disproved the allegation of the complaint that it was standing still, and swept away the only alleged negligence upon which the cause of action of plaintiff was predicated. Neither the pleading nor the evidence warranted instructing the jury as plaintiff contends it should have been, but, on the contrary, the instruction that was given was entirely proper under both.''

In *Patterson* v. *Westchester Elec. Ry. Co.*, 26 App. Div, 336 [49 N. Y. Supp. 796], involving an instruction on this point, the court says: ''The averments of the complaint upon which the action is predicated are, in substance, that the defendant stopped its car for the plaintiff to alight therefrom, and while she was in the act of alighting the defendant carelessly and negligently caused the car to suddenly start with a jerk, without any warning to the plaintiff, and that by reason of such act she sustained the injuries of which complaint is made. . . . Upon these averments, and the proof, the only issue of negligence which the defendant was called upon to meet consisted in the starting of the car after it had stopped for the purpose of permitting the plaintiff to alight therefrom. The evidence given upon the part of the defendant was directed to this issue, and that alone. Its proof tended to establish that in fact the car did not stop, but that plaintiff attempted to alight while the car was in motion, and that such injuries as she sustained were the result of such act, and were not occasioned by reason of any sudden starting of the car. In this state of the issue, the defendant requested the court to charge that if the jury believed that this plaintiff stepped from the car while the same was in motion, your verdict must be for the defendant. The court refused so to charge and the defendant's counsel duly excepted. The defendant was entitled to have the charge made as requested. It bore directly upon the only issue of negligence in the case, and if it was true that the plaintiff did step from a car in motion, such act would furnish a complete answer to the case which she presented to support her cause of action. (*Pierce* v. *Railway Co.*, 21 App. Div. 427 [47 N. Y. Supp. 540].)''

In *El Paso Electric Ry. Co.* v. *Boer* (Tex. Civ. App.), 108 S. W. 201, in an action where it was alleged that the car was standing still when plaintiff started to alight therefrom, the court uses this language: "This allegation would not admit of proof, or authorize the submission of an issue, that the car was in motion when plaintiff started to alight from it, and that its speed was suddenly increased; for the pleadings . . . raise no such issue. . . . If the car was moving when plaintiff first attempted to leave it, such fact necessarily showed it was not standing when he made the attempt, and thereby disproved the only act of negligence alleged as plaintiff's cause of action."

Respondent in support of the judgment urges that the court will take into consideration the pleadings themselves, the evidence offered by both parties and the theories of the parties. That is true, but here the complaint alleges that the car had stopped when plaintiff boarded it; the evidence that the car was in motion was offered by defendant to controvert the allegation that it was stopped, and the theories of the parties are unmistakably stated in the opening statements of counsel. Mr. Clarke, counsel for plaintiff, in his statement to the jury said "that he (plaintiff) stood there for a few moments, and the car came along, which *stopped;* that he started to get on the car . . . that the car *started* and took him a very short distance." Mr. Appel, counsel for defendant, said: "Mr. Starkey, the plaintiff in this case . . . attempted to board a *moving* suburban car. . . . We will show you that at the time and place in question Mr. Starkey, as the rear of the street car passed where he was located on Thirteenth street and Mission street, attempted to jump on that street car when it was *going at a speed of from 8 to 10 miles an hour.*"

Respondent calls our attention to the fact that at appellant's request the court instructed the jury that plaintiff could not recover unless the injuries sustained were occasioned by the carelessness or negligence of defendant or employees, as charged in the complaint, and directs us to the following instruction: "In the complaint of plaintiff it is alleged, among other things, that at the time and place in question said car in approaching said intersection slowed down and came to a complete stop with the rear platform

of said car opposite the place where plaintiff was so standing, that plaintiff grasped the hand rail of said car for the purpose of boarding said car by the rear step and platform thereof and placed both feet upon the step of said car at said rear entrance and was in the act of boarding said car to the platform thereof when the defendant carelessly, negligently, recklessly and prematurely and without permitting or affording the plaintiff a reasonable or any opportunity to reach a position of safety, started said car suddenly, violently and at an excessive speed, by reason whereof said plaintiff was then and there and thereby thrown with great force and violence to the pavement of said street. I instruct you that the burden of proving said allegation is upon the plaintiff in this case, and unless you find that he has proven said allegation by a preponderance of the evidence, you cannot find a verdict in his favor and your verdict must be in favor of the defendant, Market Street Railway Company."

██ Respondent's contention that the jury was instructed in the instructions quoted that plaintiff cannot recover unless he has proven the allegations of his complaint by a preponderance of the evidence is answered by the following language in *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, [201 Pac. 599] : "It is true, as respondent points out, that the instructions are to be construed together, but where the instructions are flatly contradictory, as is the case where the jury is instructed upon a specific state of facts to bring in a verdict in favor of the plaintiff or defendant, and is elsewhere in general terms instructed not to do so, the instructions must be held to be conflicting and prejudicial, because it cannot be ascertained upon what theory the verdict was returned. The theories of the plaintiff and defendant were diametrically opposed and the evidence as well as the instructions was sharply conflicting. Under this condition it cannot be said that there is no miscarriage of justice when it cannot be ascertained, from the record upon what theory the jury was authorized by the instructions of the court to render its verdict, or upon what state of facts shown in evidence the verdict was reached."

██ As to appellants' next contention that the court erred in instructing the jury that if it found from the evi-

dence that plaintiff had signalled the car and it slackened its speed that "such slackening of speed was an invitation on the part of the servants of the defendants who were operating the car, for the plaintiff to board said car," it may be said that even if such slackening of the speed of the car were within the issues, the portion of the instruction quoted should not have been given, as the question as to whether such slackening of speed was an invitation to plaintiff to board the car was a question of fact and not of law.

The questions disposed of render unnecessary discussion on the remaining point urged.

The judgment is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 19, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1928.

All the Justices concurred.