[Civ. No. 6896.   First Appellate District, Division One.—March 18, 1930.]

ROBERT A. MORRISSEY, Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Appellant.

Thomas S. Molloy for Respondent.

THE COURT.—The plaintiff, a man about fifty-eight years of age, was injured while attempting to board a moving street-car of the Municipal Railway of San Francisco. The accident occurred about noon on April 19, 1926, on Balboa Street at a point where the cars usually stop. The plaintiff testified that he signaled the motorman, who thereupon slackened speed so that when the rear step came abreast of plaintiff the car was moving so slowly as to be nearly at a standstill; that he grasped with his left hand the rearmost stanchion used by passengers in boarding the car, and reached his right hand toward the stanchion on the right-hand side of the step, and was in the act of placing his right foot upon the step when the car was suddenly and violently propelled forward, causing him to be thrown to the track in the rear of the car.

There was conflicting evidence as to how the injuries occurred, but the trial court found in accordance with plaintiff's version of the affair.

Defendant contends that the way plaintiff attempted to board the car constituted contributory negligence.

An attempt to board a moving street-car does not necessarily constitute contributory negligence. Whether it is such depends upon the circumstances (*Hart* v. *Fresno Traction Co.*, 175 Cal. 489 [167 Pac. 885]; *Finkeldey* v. *Omnibus Cable Co.*, 114 Cal. 28 [45 Pac. 996]; *Nilson* v. *Oakland Traction Co.*, 10 Cal. App. 103 [101 Pac. 413]); and if the person making such attempt is in possession of physical vigor and free from hindrance the question of negli-

gence is one of fact to be determined by the jury or the trial court (*Finkeldey* v. *Omnibus Cable Co.*, *supra*), ██ as is also the question whether the slackening of speed is an invitation to board the car (*Starkey* v. *Market Street Ry. Co.*, 90 Cal. App. 249 [265 Pac. 839]). ██ While the manner in which a passenger boards or alights from a moving car may change what would otherwise be the act of a prudent person into that of a negligent one (3 Michie on Carriers, p. 2253), in the present case the evidence shows that plaintiff was a vigorous man in the full possession of his faculties; and while he testified that he had not boarded a moving car for twenty years we cannot say that the way he attempted to board the car in question was under the circumstances negligent. The question was properly one for the determination of the trial court, and its conclusion that plaintiff used due care was fairly supported by the evidence.

The judgment is affirmed.